STATE OF NORTH CAROLINA v. JOSEPH D. CHAVIS

No. 7616SC174

(Filed 7 July 1976)

1. **Criminal Law §§ 145, 154— appeal from trial of two defendants — two
   records on appeal — taxing of costs against attorneys**

   Where attorneys representing two defendants in an appeal from
   a consolidated trial of both defendants for the same offense caused
   two separate records on appeal to be filed in the appellate court in-
   stead of one record, each attorney will be personally taxed with a
   portion of the costs of the unnecessary record. App. R. 9 (b) (5).

2. **Criminal Law § 105— motion for nonsuit — effect of introducing evi-
   dence**

   Defendant, by introducing evidence, waived his right to except on
   appeal to the denial of his motion for nonsuit made at the close of the
   State's evidence.

3. **Homicide § 21— second degree murder — sufficiency of evidence**

   The State's evidence was sufficient for the jury in a prosecution
   for second degree murder where it would support a jury finding that
   defendant intentionally used a deadly weapon and thereby caused the
   victim's death.

4. **Homicide § 32— conviction of manslaughter — submission of second
   degree murder — harmless error**

   Defendant's conviction of voluntary manslaughter rendered harm-
   less error, if any, in the submission of the question of defendant's
   guilt of second degree murder, at least absent any showing that the
   verdict of guilty of the lesser offense was affected thereby.

**5. Criminal Law § 132— motion to set aside verdict — discretion of court**

A motion to set aside the verdict as being against the greater weight of the evidence is addressed to the discretion of the trial court, and the court's refusal to grant the motion is not reviewable on appeal.

APPEAL by defendant from *McLelland, Judge*. Judgment entered 16 October 1975 in Superior Court, ROBESON County. Heard in the Court of Appeals 27 May 1976.

By bill of indictment in the form authorized by G.S. 15-144, defendant Chavis was charged with the murder on 27 October 1974 of one Louis H. Lowery. By separate indictment Allen Pevia was charged with the same offense. The two cases were joined for trial. The state elected to try defendants only for murder in the second degree, to which charge both defendants pled not guilty.

Lowery was taken to the hospital, but died before arriving. The pathologist who conducted the autopsy testified that Lowery died as a result of gunshot wounds in his heart. A .22 caliber bullet was recovered from his body.

Defendant Chavis testified that as he entered the Locklear house, Lowery grabbed him by the neck "like wrestling on

television"; that he broke loose from Lowery but Lowery pursued him; that as Lowery was pulling a gun out of his pocket and they were tusseling in front of the bar, the gun went off while it was in Lowery's hand; that at this time he heard other gunshots in the room.

Defendant Pevia did not present evidence.

The jury found both defendants guilty of voluntary manslaughter, and from judgments imposing prison sentences, both appealed.

*Attorney General Edmisten by Assistant Attorney General Richard F. Kane for the State.*

*L. J. Britt & Son by Luther J. Britt, Jr., and Bruce W. Higgins for defendant Chavis, appellant.*

PARKER, Judge.

[1] The attorneys for defendants Chavis and Pevia have caused two separate records on appeal to be filed in this Court. There should have been but one. Rule 11(d), North Carolina Rules of Appellate Procedure. Each counsel will be personally taxed with a portion of the costs of the unnecessary record. Rule 9(b)(5) of the Rules of Appellate Procedure; see opinion of Chief Judge Brock in *State v. Patricia Ann McKenzie,* Case No. 7620SC74, which is filed contemporaneously herewith.

[2] On appeal of defendant Chavis, counsel first contends that the court erred in denying the defendant's motion to direct a verdict for defendant at the close of the State's evidence as to the charge of second degree murder. "In a criminal case the proper motion to test the sufficiency of the State's evidence to carry the case to the jury is a motion to dismiss the action or a motion for judgment as in the case of nonsuit, pursuant to G.S. 15-173." *State v. Everette,* 284 N.C. 81, 84 199 S.E. 2d 462, 465 (1973). We shall treat defendant's motion for a directed verdict as having been a motion for judgment as in case of nonsuit. In this case, defendant Chavis introduced evidence. By so doing he waived his right to except on appeal to the denial of his motion for nonsuit made at the close of the State's evidence. G.S. 15-173; *State v. Rigsbee,* 285 N.C. 708, 208 S.E. 2d 656 (1974); *State v. Paschall,* 14 N.C. App. 591, 188 S.E. 2d 521 (1972). On this appeal, therefore, we consider only defendant Chavis's second motion, made at the close of all the evidence.

[3]   When all of the evidence is viewed in the light most favorable to the State and when all discrepancies and contradictions are resolved in favor of the State, we find the evidence was amply sufficient to support a jury finding that Chavis intentionally used a deadly weapon and thereby caused the death of Lowery. "When the killing with a deadly weapon is admitted or established, two presumptions arise: (1) that the killing was unlawful; (2) that it was done with malice; and an unlawful killing with malice is murder in the second degree." *State v. Gordon,* 241 N.C. 356, 358, 85 S.E. 2d 322, 323 (1955). These traditional presumptions are still valid. *State v. Hankerson,* 288 N.C. 632, 220 S.E. 2d 575 (1975). There was no error in submitting the charge of second-degree murder to the jury.

[4]   While we hold that the evidence was amply sufficient to justify submitting second-degree murder as a possible verdict, we point out that defendant's conviction of voluntary manslaughter would render harmless an error, had any error been committed, in submitting to the jury the question of defendant's guilt of the more serious offense, at least absent any showing that the verdict of guilty of the lesser offense was affected thereby. "It has long been recognized in this State that submission of a question regarding the guilt of a defendant of murder in the second degree became harmless when the jury returned a verdict of manslaughter." *State v. Bryant,* 282 N.C. 92, 101, 191 S.E. 2d 745, 751 (1972).

Defendant's second argument, that the court erred in denying his motions made at the close of all of the evidence for a directed verdict as to manslaughter and to dismiss all charges against him, is without merit. The evidence for the defense tending to show that defendant Chavis did not shoot Lowery and that in resisting Lowery's attack he acted in self-defense was for the jury to evaluate. Viewed in the light most favorable to the State, the evidence was amply sufficient to warrant submitting the case to the jury and to support the verdict rendered.

[5]   Finally, defendant Chavis contends that the court erred in denying his motion to set aside the verdict as being against the greater weight of the evidence. "A motion to set aside the verdict as being against the greater weight of the evidence is addressed to the discretion of the trial court, and the court's refusal to grant the motion is not reviewable on appeal." *State v. Dull,* 289 N.C. 55, 62, 220 S.E. 2d 344, 348 (1975).

State v. Pevia

On the appeal of defendant Chavis we find

No error.

Judges HEDRICK and ARNOLD concur.