State v. Pevia

On the appeal of defendant Chavis we find

No error.

Judges HEDRICK and ARNOLD concur.

STATE OF NORTH CAROLINA v. ALLEN PEVIA

No. 7616SC179

(Filed 7 July 1976)

1. Criminal Law §§ 145, 154— unnecessary record filed on appeal — costs taxed to attorneys

Where defendant was tried jointly with another and the attorneys for the two defendants caused two separate records on appeal to be filed in the Court of Appeals when there should have been but one, each counsel will be personally taxed with a portion of the costs of the unnecessary record. Rule 9(b)(5), Rules of Appellate Procedure.

2. Constitutional Law § 31— failure to inform defendant of evidence — no denial of due process

The prosecution did not wrongfully suppress evidence in violation of defendant's right to due process where the evidence was not requested by the defense and was only remotely favorable to the defense; moreover, the evidence was in fact presented to the jury when a codefendant called a State's witness to the stand, and the fact that the evidence came before the jury in this fashion rather than by cross-examination of the witness when he was testifying for the State did not result in a denial of due process such as either to require dismissal of the charges or the granting of a new trial.

3. Criminal Law § 92— defendants charged with same crime — joinder proper

The trial court did not err in allowing the State's motion to join defendant's trial with that of his codefendant where both were charged with the same offense, even though the district attorney's original motion was not in writing. G.S. 15A-926(b)(2).

4. Criminal Law § 165— objections to remarks of counsel — time for making

Objections to improper remarks by counsel during argument to the jury should be made before the case is submitted to the jury, and except in capital cases such objections must be made in apt time or else be lost, unless the impropriety be so gross as to require action by the court on its own initiative to preserve the defendant's right to a fair trial.

5. **Homicide § 21— fatal shots fired by companion — sufficiency of evidence of defendant's guilt**

In a prosecution for second degree murder, evidence was sufficient to be submitted to the jury where it tended to show that defendant, armed with a shotgun, accompanied his codefendant to the scene of the fatal shooting, that he stood there behind the codefendant, brandishing the shotgun, as the codefendant fired the fatal shots at the victim, and that defendant then left the scene with the codefendant, pointing the shotgun back at the persons in the house as he did so.

6. **Criminal Law § 168— jury instructions — misstatement of party's contention — necessity for calling attention of trial court to**

Any misstatement of a contention of one of the parties by the trial court in instructing the jury will be deemed waived unless called to the attention of the trial court in apt time to permit a correction.

APPEAL by defendants from *McLelland, Judge.* Judgment entered 16 October 1975 in Superior Court, ROBESON County. Heard in the Court of Appeals 7 June 1976.

*Attorney General Edmisten by Associate Attorney Nonnie F. Midgette for the State.*

*William S. McLean for defendant Allen Pevia, appellant.*

PARKER, Judge.

[1]  Defendant Allen Pevia appeals from judgment imposing a prison sentence entered upon a verdict finding him guilty of the voluntary manslaughter of Louis Lowery. He was tried jointly with one Chavis, and this is an appeal from the same trial as is reported in *State v. Chavis,* 30 N.C. App. 75, 226 S.E. 2d 389 (Case No. 7616SC174, opinion filed contemporaneously herewith.) The attorneys for defendants Pevia and Chavis caused two separate records on appeal to be filed in this Court. There should have been but one. Rule 11 (d), Rules of Appellate Procedure. Each counsel will be personally taxed with a portion of the costs of the unnecessary record. Rule 9 (b) (5), Rules of Appellate Procedure. The evidence presented at the trial is summarized in the opinion in *State v. Chavis, supra,* and will not be repeated here.

[2]  Defendant Pevia first assigns error to the court's denial of his motion to dismiss all charges against him for failure of the State to inform him prior to the trial that a certain .38 caliber pistol, which was delivered by his co-defendant Chavis to his parole officer on the day following the shooting, was

State v. Pevia

the property of the State's only eye-witness, Theodore Graham. The State did not introduce any evidence concerning this .38 caliber pistol, its evidence tending to show that Lowery, the victim of the shooting, died as a result of a .22 caliber bullet wound. The evidence concerning the .38 came from the co-defendant, Chavis, who testified the .38 was the pistol which was in the hands of Louis Lowery when the shooting occurred. The significance of the evidence that the .38 belonged to the State's witness, Graham, thus appears to lie in such tendency as it might have to show that the .38 was in fact carried to the scene of the shooting by Graham's friend, Lowery, who had ridden to the scene in Graham's automobile in which Graham had last seen the pistol prior to the shooting.

In his brief, counsel for defendant Pevia acknowledges that he was aware prior to the trial that the autopsy report showed that Lowery's death resulted from a .22 caliber gunshot wound and that the pistol delivered to the parole officer by Chavis was a .38 caliber pistol. He contends that in addition he was entitled to be informed by the State prior to the trial as to any evidence it possessed concerning ownership of the .38. Citing *Brady v. Maryland*, 373 U.S. 83, 10 L.Ed. 2d 215, 83 S.Ct. 1194 (1963), he contends that the State's failure to disclose such evidence prior to trial amounted to suppression of evidence by the prosecution in violation of his Constitutional rights to due process such as to require dismissal of the charge against him. We do not agree.

The State's duty of disclosure under the *Brady* decision was formulated by our own Supreme Court in *State v. Gaines*, 283 N.C. 33, 194 S.E. 2d 839 (1973) as follows (at p. 45):

"The standards enunciated in *Brady* by which the solicitor's conduct in this case is to be measured require us to determine whether there was (a) suppression by the prosecution AFTER A REQUEST by the defense (b) of MATERIAL EVIDENCE (c) FAVORABLE to the defense . . . . 'We know of no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work on a case.' *Moore v. Illinois*, 408 U.S. 786, 33 L.Ed. 2d 706, 92 S.Ct. 2562 (1972)."

In *United States v. Agurs*, _____ U.S. _____ (opinion filed 24 June 1976), the United States Supreme Court has recently re-examined the prosecution's duty of disclosure as measured by the

defendant's right to a fair trial mandated by the due process clauses of the Fifth and Fourteenth Amendments, and in so doing pointed out that the "mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in a constitutional sense."

In the case now before us the evidence which defendant Pevia contends the State wrongfully suppressed was not requested by the defense and in any event was only remotely favorable to the defense. Moreover, the evidence was in fact presented to the jury when the co-defendant Chavis called the State's witness Graham to the stand. That the evidence came before the jury in this fashion rather than by cross-examination of Graham when he was testifying as a witness for the State clearly did not result in a denial of due process such as either to require dismissal of the charges or the granting of a new trial. Defendant Pevia's first assignment of error is overruled.

[3] Defendant Pevia's second assignment of error is directed to the court's action in allowing the State's motion to join his trial with that of his co-defendant, Chavis, and in denying his several motions made during the course of the trial that he be granted a separate trial. We find no error. Since Chavis and Pevia were charged with the same offense, the cases were properly joined for trial. G.S. 15A-926(b)(2). Appellant Pevia has shown no way in which he was prejudiced because the District Attorney's motion when originally made was not in writing but was only later reduced to writing. Even in the absence of any motion, the trial judge may direct that criminal cases be consolidated for trial where, as here, proper grounds for joinder exist and when to do so will promote the ends of justice and facilitate proper disposition of the cases on the docket before him. *State v. Cottingham,* 30 N.C. App. 67, 226 S.E. 2d 387 (Case No. 7620SC80, opinion filed contemporaneously herewith). Appellant's second assignment of error is overruled.

Appellant next assigns error to the court's failure to correct on its own motion what appellant contends were improper comments made by the district attorney during his argument to the jury. This assignment of error is based upon appellant's exceptions numbers 8 through 27, each of which is directed to a different portion of the district attorney's jury

argument. The record reveals, however, that in only one instance, which is the subject of appellant's exception number 27, did defense counsel object, and in that instance the trial judge sustained the objection. The record fails to show any objection interposed at the trial to the portions of the district attorney's remarks which are the subject of appellant's exceptions 8 through 26.

[4] Objections to improper remarks by counsel during argument to the jury should be made before the case is submitted to the jury, *State v. Peele,* 274 N.C. 106, 161 S.E. 2d 568 (1968), and except in capital cases such objections, "like those to the admission of incompetent evidence, must be made in apt time or else be lost," *State v. Williams,* 276 N.C. 703, 712, 174 S.E. 2d 503, 510 (1970), unless the impropriety be so gross as to require action by the court on its own initiative to preserve the defendant's right to a fair trial. *State v. Smith,* 240 N.C. 631, 83 S.E. 2d 656 (1954). Upon a careful review of the present record we find no such impropriety in the argument of the State's attorney as to have required the interference of the trial court on its own initiative in order to preserve appellant's right to a fair and impartial trial.

[5] The State's evidence would support a jury finding that defendant Pevia, armed with a shotgun, accompanied his co-defendant Chavis to the scene of the fatal shooting, that he there stood behind Chavis, brandishing the shotgun, as Chavis fired the fatal shots at Lowery, and that he then left the scene with Chavis, pointing the shotgun back at the persons in the house as he did so. On such findings defendant Pevia would be equally guilty with his co-defendant, and there was no error in the court's denial of his motion for nonsuit.

[6] Appellant Pevia contends the court committed error in its charge to the jury when it instructed as follows: "The defendant Pevia contends that you should find the facts to be as the witnesses for the defendant Chavis have testified; that he was not present when the shooting took place; that he took no part in that shooting." Defendant concedes that the charge as stated was favorable to him but asserts that it is also subject to an interpretation that defendant Pevia adopted all the testimony that defendant Chavis had presented. We find no error. It is well settled that any such misstatement of a contention will be deemed waived unless called to the attention of the

trial court in apt time to permit a correction. *State v. Williams,* 279 N.C. 515, 184 S.E. 2d 282 (1971).

We have carefully examined all of appellant's remaining assignments of error, and in the trial and judgment appealed from we find

No error.

Judges HEDRICK and ARNOLD concur.