STATE OF NORTH CAROLINA v. LARRY ROSS PASCHALL

No. 7214SC384

(Filed 24 May 1972)

1. **Burglary and Unlawful Breakings § 3; Indictment and Warrant § 9— breaking and entering — description of premises**

    A bill of indictment alleging that defendant broke and entered a building occupied by one Dairy Bar, Inc., Croasdaile Shopping Center in the County of Durham, described the premises with sufficient particularity to withstand defendant's motion to quash.

2. **Criminal Law § 105— offer of evidence by defendant — waiver of prior nonsuit motion**

    When defendant offers evidence, he waives the motion for nonsuit made, either actually or by virtue of G.S. 15-173, at the close of the State's evidence, and only the motion made at the close of all the evidence is considered.

3. **Criminal Law § 105— motion for nonsuit — omission of defendant's evidence from record**

    Defendant's motion for nonsuit at the close of all the evidence cannot be considered by the appellate court where defendant's evidence was omitted from the record on appeal, since the State is entitled to the benefit of any portion of defendant's evidence which is favorable to the State or which explains or clarifies the State's evidence.

APPEAL by defendant from *McKinnon, Judge,* 25 October 1971 Session of Superior Court held in DURHAM County.

Defendant was tried and convicted of felonious breaking and entering and felonious larceny.

State's evidence tended to show that at about midnight on 6 August 1971, in response to a police radio call that someone was thought to be inside the Dairy Bar at Croasdaile Shopping

Center, two deputies of the Durham County Sheriff went to the premises. Upon arrival, they found an automobile parked on the side of the Dairy Bar building. A subject was on the front seat of the automobile, facing the rear, stacking cartons of beer on the back seat. A noise was heard inside the store and upon command defendant came out. Another subject was found in a rest room inside the building. Cases of cold beer, taken from the cooler, were stacked on the floor beside the door. The front door had been broken open and the slats and louvers were out.

The record on appeal does not disclose defendant's evidence.

*Attorney General Morgan, by Associate Attorney Ricks, for the State.*

*Powe, Porter & Alphin, by William G. Harriss, for defendant.*

BROCK, Judge.

[1] Defendant assigns as error that the trial court denied his motion to quash the indictment. He contends that the description of the premises, allegedly broken into, is insufficient. Defendant cites *State v. Burgess,* 1 N.C. App. 142, 160 S.E. 2d 105, where this Court said, "In the light of the growth in population and in the number of structures (domestic, business and governmental), the prosecuting offices of this State would be well advised to identify the subject premises by street address, highway address, rural road address or some clear description and designation to set the subject premises apart from like and other structures. . . ." The advice given in *Burgess* is as applicable, if not more so, today than it was in 1968. However, the bill of indictment in this case describes the subject premises as a building occupied by one Dairy Bar, Inc., Croasdaile Shopping Center in the County of Durham. There could hardly be confusion as to which building in Croasdaile Shopping Center the indictment refers, nor can there reasonably be any confusion about which building belonging to Dairy Bar, Inc., the indictment refers. It is not likely that Dairy Bar, Inc., ran two businesses by the same name in one shopping center. We hold that the bill of indictment adequately described the premises and defendant's motion to quash was properly denied.

Defendant next assigns as error that the trial court erred when it denied his motion for nonsuit made at the close of the State's evidence. Following the place in the record on appeal where defendant's motion for nonsuit at the close of the State's evidence is recorded, appears the following: "The defendants each put on evidence which is not set forth in narrative form since it is not necessary to the consideration of the questions raised by this appeal." The record on appeal, including the foregoing statement, was agreed to by the solicitor.

[2, 3] G.S. 15-173 provides in pertinent part: "If the defendant introduces evidence, he thereby waives any motion for dismissal or judgment as in case of nonsuit which he may have made prior to the introduction of his evidence and cannot urge such prior motion as ground for appeal." The provisions of G.S. 15-173.1, allowing review on appeal of the sufficiency of the State's evidence in a criminal case without regard to whether motion for nonsuit has been made or not, does not change the foregoing rule. When the defendant offers evidence, he waives the motion lodged, either actually or by statute, at the close of the State's evidence and only the motion lodged at the close of all the evidence is considered. *State v. Sallie,* 13 N.C. App. 499, 186 S.E. 2d 667. In considering the motion for nonsuit lodged at the close of all the evidence, any portion of defendant's evidence which is favorable to the State and any portion of defendant's evidence which explains or clarifies the State's evidence is to be considered. See, *State v. Jones,* 280 N.C. 60, 184 S.E. 2d 862. By omitting defendant's evidence from the record on appeal, defendant would deprive the State of the benefit of such portions of defendant's evidence which are entitled to consideration under our rules. Therefore, we cannot consider defendant's motion. In any event the evidence was more than ample to require submission of the case to the jury. This assignment of error is overruled.

No error.

Chief Judge MALLARD and Judge CAMPBELL concur.