STATE OF NORTH CAROLINA v. JAMES HENRY PRIDGEN

No. 737SC755

(Filed 12 December 1973)

1. Criminal Law §§ 33, 169— reason for absence of charges against minor

In a prosecution for possession and sale of nontaxpaid whiskey, defendant was not prejudiced by an officer's testimony that he did not bring charges against a fifteen-year-old boy because he "did not figure anything would really be gained by charging a juvenile with this type of offense" when the witness didn't believe it was the juvenile's whiskey.

2. Criminal Law § 7— sale of nontaxpaid whiskey — entrapment

Defendant was not entrapped when a State's witness allowed law enforcement officers to hide inside a box on his truck while he bought nontaxpaid whiskey from defendant.

3. Criminal Law § 7— instructions on entrapment

Trial court's instructions on the defense of entrapment were sufficient.

4. Criminal Law § 101— conduct of juror during recess — absence of prejudice

In a prosecution for possession and sale of nontaxpaid whiskey, defendant was not prejudiced when, during a recess, a juror got into a box in which officers had hidden while whiskey was bought from

defendant and stated that he could see the back of the sheriff's chair, and the sheriff asked the juror whether he could see a picture on the wall in the back of the courtroom.

APPEAL by defendant from *Webb, Judge,* June 1973 Session of Superior Court held in NASH County.

Defendant was charged in a warrant with unlawfully and willfully having in his possession and selling forty-two (42) gallons of nontaxpaid alcoholic beverages. Defendant was found guilty in District Court and upon appeal was tried de novo in the Superior Court.

The State's evidence tended to show that on 4 August 1971, the defendant agreed to sell seven cases of whiskey to one Michael Gregory (Gregory), who was working under the supervision of one C. V. Favre (Favre) of the Alcohol, Tobacco and Firearms Division of the U. S. Department of the Treasury. Gregory contacted Favre and one Alfred Joyner, who secreted themselves within a box in the bed of the pickup truck driven by Gregory. Gregory then drove to the defendant's trailer where he was met by defendant and a colored male. Defendant instructed Gregory that the whiskey was $30.00 per case, and that the colored male would assist in loading. Following directions given by the colored male accompanying Gregory, Gregory drove a short distance from defendant's trailer to a house where Randy Pridgen, nephew of defendant, instructed the two to drive to another house. The colored male and Randy then loaded the whiskey in the truck. Gregory paid Randy $210.00. Gregory then drove to Rocky Mount and turned over the whiskey to Investigator Favre and ABC Officer Joyner.

Defendant's evidence tended to show that Gregory had been on probation twice in Sampson County, having been charged with manufacturing nontaxpaid whiskey; that Gregory, according to his former probation officer, had a general character and reputation for untruthfulness; that Gregory had approached one Willie House, a prisonmate of Gregory's at Smithfield, North Carolina, and urged House to go into the "bootlegging business" with him; that Randy Pridgen, nephew of the defendant, did not sell liquor nor assist in the loading of the pickup truck on 4 August 1971.

*Attorney General Robert Morgan and Associate Attorney Howard A. Kramer, for the State.*

*Vernon F. Daughtridge for the defendant.*

BROCK, Chief Judge.

[1]   Defendant argues that the testimony of witness Favre on redirect examination is incompetent and highly prejudicial to the defendant because it allowed an officer of the law to explain his failure to enforce the law as to one individual, Randy Pridgen. Favre had testified that he did not charge Randy Pridgen, a fifteen-year-old minor on 4 August 1971, with a violation of the law because Randy Pridgen was a juvenile and the witness "not figure anything would really be gained by charging a juvenile with this type of offense," when the witness did not believe it was the juvenile's whiskey.

"The burden is on defendant not only to show error but also to show that the error complained of affected the result adversely to him. . . ." 3 Strong, N. C. Index 2d, Criminal Law, § 167, p. 126. In the light of the other evidence we fail to see how defendant was prejudiced by this statement of the witness. The assignment of error is overruled.

[2]   Defendant's second contention is that the defendant was entrapped by State's witness Gregory, and that the trial judge should have allowed defendant's motion for nonsuit made at the close of State's evidence and at the close of all of the evidence. Only the motion made at the close of all of the evidence is before us for review.

"G.S. 15-173 provides in pertinent part: "If the defendant introduces evidence, he thereby waives any motion for dismissal or judgment as in case of nonsuit which he may have made prior to the introduction of his evidence and cannot urge such prior motion as ground for appeal." When the defendant offers evidence, he waives the motion lodged, either actually or by statute, at the close of the State's evidence and only the motion lodged at the close of all the evidence is considered. *State v. Paschall*, 14 N.C. App. 591, 188 S.E. 2d 521.

Defendant contends that the series of events leading up to the arrest of defendant constituted entrapment. "Mere initiation, instigation, invitation, or exposure to temptation by enforcement officers is not sufficient to establish the defense of entrapment, it being necessary that the defendants would not have committed the offense except for misrepresentation, trickery, persuasion, or fraud." 2 Strong, N. C. Index 2d, Criminal Law, § 7, p. 487.

State v. Pridgen

The only trickery involved was that of the law enforcement agents secreting themselves inside the box on the bed of the pickup, and the failure of the witness Gregory to inform the defendant that he was working in conjunction with law enforcement agencies. This assignment of error is overruled.

[3] Defendant argues that the court failed to give the jury sufficient instructions as to the defense of entrapment. The trial court instructed the jury as follows:

"Now, in this case the defendant has raised the defense of what is called 'entrapment,' and entrapment is a complete defense to the offense charged.

"Now, the burden of proving entrapment is upon the defendant. However, the defendant is not required to prove entrapment beyond a reasonable doubt, but only to your satisfaction."

The trial court then instructed the jury as to the elements of entrapment. Before the jury retired to consider its verdict, both parties were asked if either desired anything else to be charged; both answered in the negative.

We find no error in the charge of the trial court to the jury. This assignment of error is overruled.

[4] Defendant contends that the trial court should have granted defendant's motion to set aside the verdict and order a new trial, based upon conversations and events which occurred while the court was in recess.

While the court was in recess, one of the jurors got into the box in which the officers had hidden while riding in the back of the pickup truck, the box having been introduced by defendant as an exhibit. While the juror was in the box, he stated that he could see the back of the Sheriff's chair, but his response to the Sheriff's question of whether he could see a picture on the wall in the back of the courtroom is uncertain. The juror testified that he could see the back of the courtroom through the hole in the box.

Defendant contends that the actions and conversation of the jurors amounted to a discussion of the evidence for deliberation, and obtaining evidence improperly. Also, defendant contends that the actions of Sheriff Womble were improper communications with the jury concerning evidence of the case. We see no merit in these arguments.

The trial court heard defendant's motion, and, after conducting a hearing as to the events which had transpired during the recess, determined that no prejudice had been shown. The finding of the trial court on a motion to set aside the verdict and grant a new trial is conclusive when supported by the evidence. *See* 3 Strong, N. C. Index 2d, Criminal Law, § 175, p. 148. This assignment of error is overruled.

We hold that the defendant received a fair trial, free from prejudicial error.

No error.

Judges CAMPBELL and PARKER concur.