State v. Dailey

─────────────

STATE OF NORTH CAROLINA v. RICHARD MAURICE DAILEY, JR.

No. 7618SC1052

(Filed 6 July 1977)

1. **Criminal Law § 73.3— statements made in defendant's presence — knowledge by defendant — hearsay**

In a prosecution for feloniously receiving a stolen stereo, testimony that the person who sold the stereo to defendant twice stated in the presence of defendant and the witness that stereos in his possession had been stolen from an apartment complex was not inadmissible as hearsay since the testimony was not introduced to prove the matter stated therein, that is, that the stereos were stolen, but was introduced to show that defendant had knowledge of the facts declared in the statements.

2. **Criminal Law § 33.2— crimes committed by others — receipt of stolen property — guilty knowledge**

In a prosecution for feloniously receiving a stolen stereo, testimony that a State's witness and a second person from whom defendant bought the stolen stereo committed a break-in and stole cash and other items and that defendant saw the stolen property displayed in the second person's apartment on the night of the crimes was admissible as evidence of suspicious circumstances tending to show knowledge on the part of defendant that the person from whom he bought the stereo dealt in stolen goods.

3. **Criminal Law § 88.3— cross-examination — rebuttal testimony**

In this prosecution for feloniously receiving a stolen stereo wherein defendant denied on cross-examination that he told the resident manager of an apartment complex that the person who sold him the stereo had been his tenant, rebuttal testimony by the manager that defendant, whose phone number had been listed as a reference on the stereo seller's lease application, told her that the seller had been his tenant and had paid his rent on time was not admitted for the purpose of contradicting defendant's answer on a collateral matter but was competent and material to show a suspect relationship between defendant and the seller of the stereo.

**4. Receiving Stolen Goods § 5— sufficiency of evidence**

The evidence was sufficient for the jury in a prosecution for feloniously receiving a stolen stereo where it tended to show that defendant bought a stolen stereo from a friend; the stereo had a value of between $200 and $225; defendant and his friend were involved together in questionable activities near the time of the crime charged; and defendant's friend made statements in defendant's presence that stereos in his possession, one of which defendant received, were stolen.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 29 July 1976 in Superior Court, GUILFORD County. Heard in the Court of Appeals 11 May 1977.

Defendant was indicted for feloniously receiving stolen goods in violation of G.S. 14-72(c). At trial the State presented evidence which tended to show that the management of the La Mancha Apartments in Greensboro, North Carolina, had ordered in the fall of 1974 a number of G. E. stereo sets to be used in a promotion aimed at attracting new tenants. Each set had a market value of between $200 and $225. They were stored, still in their original boxes, in a locked room off the manager's office, to which only the management of the apartments had authorized access.

In the early part of November, defendant Dailey, Charles Loye and a third man visited the apartments. Testimony showed that the third man wanted an apartment for his dating operations, but that Charles Loye filled out the lease application and actually rented the apartment. Loye's application listed a false residence and the defendant's phone number as a reference. When an apartment employee called the defendant to check on Loye, defendant said that Loye had been his tenant at the false residence and that Loye had paid his rent on time. Loye was leased an apartment at the La Mancha on 22 November 1974 and was given a stereo.

On 27 November 1974 there were six boxed stereos and a television in the locked storage room. They were discovered missing the morning of 28 November 1974. James Wyrick, testifying for the State, stated on the evening of the twenty-seventh, Loye broke into the storage room, and he, Loye and another man took the stereos and the television. They were placed in Loye's truck and taken to Wyrick's residence. Four stereos were unloaded at Wyrick's, Loye keeping two and the television on the truck.

On the morning of 28 November, Loye picked up two of the stereos at the Wyrick residence. Later that afternoon Wyrick and his wife went to Loye's farm. There they noted Loye's truck, a burgundy Chevrolet with two men standing at the rear, and a white station wagon. The defendant and Loye came walking out of the woods up to Loye's truck. There in the presence of Wyrick and defendant, Loye sold two stereos to the men for $100 each. The men opened the boxes, examined the sets, and then loaded them in the Chevrolet. At that point Loye remarked to the men that the stereos were "hot" and that they should be careful. After the two men left, Wyrick, Loye and defendant did some target shooting. Then Wyrick and Loye loaded a stereo into defendant's car. Loye remarked that this unit was one of those taken the previous night from La Mancha. Defendant gave Loye either a fifty or one hundred dollar bill. Defendant took the stereo to a friend who had been looking for one to give his son for Christmas. Some days later the friend paid defendant either $100 or $150 for the stereo.

The State also introduced testimony from Wyrick that on 23 November 1974, he, Loye and others broke into the apartment of one Gabriel and stole $1995 in cash and some other items. The money and items were taken to Loye's La Mancha apartment. At some time later in the evening, Wyrick saw John Essa enter the apartment. Essa testified that the defendant was in the apartment and that the money was displayed in stacks on a table in the living room and that other items including stereos and weapons were in the bedrooms.

The defendant introduced evidence that tended to show that he and his partner had hired Loye to construct three houses and remodel the basement in their office. Loye was also to purchase and furnish appliances in these jobs. Both defendant and Loye testified that defendant had mentioned to Loye that a friend was looking for a stereo and that Loye replied that he might find one wholesale. On 28 November 1974 defendant was at Loye's farm hunting. Wyrick and his wife came later. Loye had one stereo in a box in his truck. He gave the stereo to defendant, telling him to show it to the friend. If defendant's friend wanted the stereo, the price would be $100. Both defendant and Loye testified that no one besides themselves and the Wyricks were present.

From a verdict of guilty of felonious receiving and judgment imposing a two-year sentence of imprisonment, defendant appeals.

*Attorney General Edmisten, by Associate Attorney Jesse C. Brake, for the State.*

*William A. Vaden for the defendant.*

BROCK, Chief Judge.

[1] In his first argument defendant assigns as error the admission into evidence of testimony by State's witness Wyrick concerning statements made by Charles Loye in the presence of Wyrick and defendant. In essence Wyrick testified that Loye twice stated in his and defendant's presence that the stereos had been stolen from the La Mancha Apartments. Defendant contends the testimony was hearsay. We disagree.

If a statement is introduced for any purpose other than proving the truth of the matter stated, it is not hearsay and is admissible unless objectionable on other grounds. "The declarations of one person are frequently admitted to evidence a particular state of mind of another person who heard or read them; *e.g.*, to charge him with knowledge or notice of the facts declared. . . ." 1 Stansbury, N. C. Evidence (Brandis Rev. 1973), § 141, pp. 469-70. The testimony concerning Loye's statements was not introduced to prove the matter therein stated, that is, that the stereos were stolen. The testimony was introduced to show that defendant had knowledge of the facts declared in the statements. Such testimony is not objectionable as hearsay.

[2] Defendant next claims that the court erred in admitting testimony by State's witnesses Wyrick and Essa concerning the Gabriel break-in of 23 November 1974. The testimony tended to show that Loye and Wyrick committed a break-in and larceny; that the fruits of the crime were taken to Loye's La Mancha apartment; and that defendant was present in the apartment on the night the crime was committed and saw the stolen goods displayed therein.

Defendant argues that the only possible manner in which the testimony would be admissible is under one of the exceptions set out in *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954), to the rule against admitting evidence of prior offenses. Defendant argues that under *McClain* limiting instructions, which were

not given by the trial court, are required. We disagree in that *McClain* does not control in the present case. The State did not offer the testimony concerning the Gabriel transactions as evidence of a prior offense committed by the defendant. The testimony was introduced as evidence of suspicious circumstances tending to show knowledge on the part of the defendant that Loye dealt in stolen goods. Where knowledge is an element of the crime charged, circumstantial evidence may be offered of such acts of the accused as tend to establish the requisite state of knowledge. 1 Stansbury, N. C. Evidence (Brandis Rev. 1973), § 83, pp. 258-59.

[3] In defendant's ninth assignment of error, he contends the court erred in admitting the testimony of Yvonne Atchison, resident manager of La Mancha, offered by the State in rebuttal to statements made by the defendant. On cross-examination by the State, defendant denied that he had ever told Atchison that Loye had been his tenant. The State then recalled witness Atchison who testified concerning Loye's lease application and her telephone call to defendant during which he told her Loye had been his tenant and had paid his rent on time.

Defendant contends his answer on cross-examination was conclusive since it was in response to a collateral question. Because of the collateral nature of the question, Atchison's testimony contradicting defendant's answer was improper. We disagree. Evidence offered in contradiction to a defendant's testimony is not collateral and is admissible if tendered for some purpose other than mere contradiction. *State v. Long,* 280 N.C. 633, 187 S.E. 2d 47 (1972). Contradictory testimony is permitted where the question originally put to the witness on cross-examination tends to connect him directly with the cause or parties or where the cross-examination is as to a matter tending to show motive, temper, intent, disposition, conduct, or interest of the witness toward the parties or the cause. *State v. Long, supra.* The defendant's guilty knowledge is an essential element of the crime with which he was charged. The State's cross-examination of defendant attempted to elicit evidence of circumstances that tended to show a suspect relationship between defendant and Loye. In this light Atchison's contradictory testimony was not collateral but rather material and competent to show defendant's knowledge.

In his eleventh and seventeenth assignments of error, defendant argues that the trial court erred in denying his motions

for nonsuit at the close of the State's evidence and at the close of all evidence. When the defendant offers evidence, he waives motion for nonsuit at the close of State's evidence. *State v. Mosely,* 33 N.C. App. 337 S.E. 2d 261 (1977). In reviewing the motion for nonsuit at the close of all the evidence the court may consider any of defendant's evidence which is favorable to the State or which clarifies or explains the State's evidence. *State v. Paschall,* 14 N.C. App. 591, 188 S.E. 2d 521 (1972).

**[4]** In the present case defendant's motion challenges the sufficiency of the State's evidence as to whether defendant knew or must have known that the stereo he received was stolen. In considering circumstantial evidence, the court must decide whether a reasonable inference of the defendant's guilt may be drawn therefrom. "If so, it is for the jury to decide whether the facts, taken singly or in combination, satisfy them beyond a reasonable doubt that the defendant is actually guilty." *State v. Rowland,* 263 N.C. 353, 358, 139 S.E. 2d 661, 665 (1965). The evidence in the present case is clearly sufficient as to larceny, identity of the goods, value and receiving. The State's evidence, supplemented by that of defendant, shows a close relationship between Loye and defendant and personal involvement of the defendant with Loye in questionable activities near to and at the time of the commission of the crime charged. The State's evidence further showed statements made in the presence of the defendant by Loye to the effect that the stereos, one of which defendant received, were stolen. When all of the evidence, actual and circumstantial, offered by the State is considered in the light most favorable to the State, giving it the benefit of every reasonable inference arising therefrom the evidence is sufficient to overcome motion for nonsuit and require submission to the jury.

In his two final arguments defendant contends first that the trial court erred in excluding his answer to his counsel's question of him concerning his knowledge that the stereo had been stolen. What defendant's evidence would have been was not included in the record on appeal. Where the court sustains an objection to evidence and the record fails to show what the evidence would have been, prejudice is not shown. *State v. Little,* 286 N.C. 185, 209 S.E. 2d 749 (1974). Secondly, defendant argues that the trial court erred in instructing the jury as to what circumstances were to be considered in proving guilty knowledge. We have reviewed the instructions, and in our opin-

ion they were clear and adequate to apprise the jury of the applicable principles of law.

In our opinion defendant received a fair trial free from prejudicial error.

No error.

Judges HEDRICK and MARTIN concur.