STATE OF NORTH CAROLINA v. WILLIAM THOMAS CYRUS

No. 822SC775

(Filed 15 February 1983)

**Constitutional Law § 68; Witnesses § 10— out-of-state witness—denial of motion to secure attendance**

The trial court did not abuse its discretion or violate defendant's right to compulsory process in the denial of defendant's motion to secure the attendance of a material out-of-state witness pursuant to G.S. 15A-813 where, on 4 March, defendant's cases were peremptorily set for trial on 15 March because the witness, a resident of Texas, could be present at that time; defense counsel talked with the presiding judge about an order to secure the attendance of the witness at trial but decided not to obtain such an order; defendant informed his attorney on 11 March that the witness would not be coming to testify; defendant did not file his motion until the morning of 15 March; and defendant knew well before his cases were calendared for trial that the witness had marital problems that might prevent him from coming to North Carolina, that there were outstanding warrants against the witness in North Carolina, and that the witness might have trouble getting away from work at the time the cases were set for trial.

APPEAL by defendant from *Small, Judge.* Judgment entered 15 March 1982 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 21 January 1983.

*Attorney General Edmisten, by Assistant Attorney General John C. Daniel, Jr., for the State.*

*Wayland J. Sermons, Jr., for defendant appellant.*

BECTON, Judge.

In appealing from judgments imposing concurrent 18-month prison sentences for driving under the influence, third offense, and driving while license permanently revoked, defendant, William Cyrus, presents one argument: "Whether the trial court erred in denying Defendant's Motion to Secure the Attendance of a Material Witness, pursuant to N.C. Gen. Stat. § 15A-813."

I

On 4 March 1982, counsel for defendant, after conferring with the district attorney and the presiding judge, requested that defendant's cases be peremptorily set for trial. Defendant's counsel asked that the cases be called at 10:00 a.m. on 15 March

1982 because a material witness, Rudy Newsome, a resident of Houston, Texas, could be present at that time. The District Attorney agreed to "switch the calendar around [and to get the] two troopers [to court] to testify in this case, all at the request of the defendant. . . ."

On 4 March 1982, defense counsel also conferred with the presiding judge about an order to secure the attendance of Rudy Newsome pursuant to G.S. § 15A-813, but "decided not to go through it because [he was] acting on the assumption that everything was indeed in order with [the] witness." On 11 March 1982, the defendant informed his attorney that Newsome would not be coming to testify. The following day, Friday, 12 March 1982, at approximately 2:00 p.m., defense counsel informed the District Attorney of that fact. On the morning of 15 March 1982, the defendant filed his motion to secure the attendance of a material witness. Based on the preceding facts and the analysis which follows, we find no error in the trial court's denial of that motion.

## II

The Uniform Act to Secure Attendance of a Witness from without a State in Criminal Proceedings, N.C. Gen. Stat. § 15A-811 (1978), *et seq.*, gives the trial court the means to compel a non-resident witness to attend and testify at criminal proceedings in this State. *State v. Tindall*, 294 N.C. 689, 242 S.E. 2d 806 (1978). Our Supreme Court has identified three questions which are presented for review when a party attempts to invoke the Act's procedures: (1) whether the defendant has made an adequate showing that the prospective witness' testimony is material; (2) whether the defendant has adequately designated the witness' location; and (3) whether the trial judge's discretion to grant the motion was exercised in accord with the Sixth Amendment's guarantee that the accused be afforded compulsory process for obtaining witnesses in his favor. *Id.* at 700, 242 S.E. 2d at 812.

In this case, the trial court made every effort to accommodate the defendant and his attorney to have the witness available for the trial. The presiding judge and defense counsel even talked about an order to secure the attendance of the witness at trial. Defendant knew that the witness might not show

up. The record suggests that defendant knew well before the case was calendared for trial that Newsome had marital problems that might prevent his coming back to North Carolina; that there were outstanding warrants against Newsome in North Carolina; and that Newsome might have trouble getting away from work during what was, for him, a very busy season.

It is true that a trial judge must not exercise his discretion to issue a material witness order in a manner inconsistent with the Sixth Amendment. *See, State v. Tindall.* It is also true that the right to compulsory process is a fundamental right and that neither our statute nor the Constitution prescribes time limits within which to exercise that right. It is equally true, however, that rights can be waived. The statute was designed in part to ensure the presence of witnesses like Rudy Newsome. As our Supreme Court said in *State v. Graves,* 251 N.C. 550, 558, 112 S.E. 2d 85, 92 (1960):

> We do not suggest that an accused may be less than diligent in his own behalf in preparing for trial. He may not place the burden on the officers of the law and the court to see that he procures the attendance of witnesses and makes preparation for his defense. But the officers and the court have a duty to see that he has opportunity for so doing.

Nothing about the Uniform Act to Secure Attendance of a Witness from without a State in Criminal Proceedings changes that statement. Under the Act, the officers and the court have a duty to see that defendant has an opportunity for securing material witnesses. They are placed under no burden to demand that he do so.

On the record presented, the trial court's refusal to secure the attendance of the material witness was not an abuse of discretion and did not deny the defendant his right to compulsory process. For those reasons, we find

No error.

Judges WEBB and PHILLIPS concur.