STATE OF NORTH CAROLINA v. TEDDY RUDOLPH KING

No. 8313SC1041

(Filed 3 April 1984)

1. **Criminal Law § 167.1— question naming defendant as robber before identification of robber made—harmless error**

   In a prosecution for armed robbery, although the district attorney erred in naming the defendant as the robber in a question before any identification of the defendant as the robber had been made, the error was harmless where the evidence of defendant's guilt from other sources was so strong as to preclude the likelihood that a different outcome could have resulted had the error not been committed. G.S. 15A-1061.

2. **Criminal Law § 76.7— confession—evidence supporting finding of fact that defendant signed confession after reading it**

   In a prosecution for armed robbery, the evidence, although conflicting, was sufficient to support a trial judge's findings of fact that defendant signed his confession after reading it and that defendant did not think he "was signing for a lawyer."

APPEAL by defendant from *Cornelius, Judge.* Judgment entered 3 May 1983 in Superior Court, BRUNSWICK County. Heard in the Court of Appeals 15 March 1984.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Sarah C. Young, for the State.*

*Frink, Foy and Gainey, by Michael R. Ramos, for the defendant appellant.*

BRASWELL, Judge.

Defendant was indicted and convicted of armed robbery and sentenced to an active prison term of twenty years. On appeal, defendant challenges the trial court's denial of his motions to strike and for a mistrial following a question by the prosecutor which identified defendant as the robber before any evidentiary identification of the defendant as the robber had been made. He also challenges the denial of his motion to suppress his in-custody statement because, as he testified, when he signed the statement, "I thought I was signing for a lawyer."

On the evening of 3 January 1983, a black man wearing a ski mask over his face, a toboggan, khaki jeans, a denim jacket and

black shoe polish over his nose, entered the Ocean Isle Party Mart, pointed a gun at the cashier, and ordered the cashier to open the cash register. When the cashier opened the register, the man grabbed the money from it and ran. Later that evening, defendant, wearing a pair of brown khaki pants and a blue jacket, with shoe polish smeared on his face, came to the home of William Bland, and requested a change of clothes and a ride home. While being carried home by William Bland and his brother, defendant told William Bland that he had "hit" a store that evening. The next day, Bland's wife found a rifle in their yard. She asked defendant about it and he told her he used it in robbing a store on Ocean Isle the night before. Defendant gave an in-custody statement, which was read to the jury, in which he admitted robbing the Ocean Isle Mini Mart, going to the Blands' and changing clothes, catching a ride, and leaving the rifle at the Blands' house.

The evidence favorable to the defendant tended to show that the cashier was unable to identify the robber.

[1] During the examination of the store cashier, the district attorney in a question named the defendant as the robber before any identification of the defendant as the robber had been made. The trial court sustained defendant's counsel's prompt objection, but denied his simultaneous motions to strike and for a mistrial. No curative instructions were given and none were requested. The incident as shown in the record, follows:

> Q. O.K. Ms. Lee when at the time you handed over this money to Teddy King?
>
> MR. RAMOS: Objection.
>
> COURT: Sustained.
>
> MR. RAMOS: Motion to strike, Motion for mistrial.
>
> COURT: Denied.
>
> EXCEPTION NO. 1

To the denial of these motions, defendant assigns error.

A trial judge must declare a mistrial, upon motion, "if there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, resulting in substan-

tial and irreparable prejudice to the defendant's case." G.S. 15A-1061. The decision as to whether such prejudice has occurred is within the trial judge's discretion, which will not be disturbed on appeal absent a showing of a gross abuse of discretion. *State v. Rogers*, 52 N.C. App. 676, 279 S.E. 2d 881 (1981); *State v. Love*, 296 N.C. 194, 250 S.E. 2d 220 (1978).

Neither prejudicial error nor an abuse of discretion has been shown in the present case. The cashier subsequently candidly testified that she was unable "to this day" to identify the robber. The evidence of defendant's guilt from other sources, however, was so strong as to preclude the likelihood that a different outcome could have resulted had the error not been committed. Further, the defendant's own confession showed his guilt.

[2] Defendant next contends that the trial court erred in refusing to suppress his in-custody statement because he thought that the statement which he signed was a request for an attorney. In this court he also seeks to challenge the admissibility of the statement as not being in his handwriting nor read by him. These contentions have no merit. The facts found and conclusions drawn by the trial judge at the *voir dire* hearing fail to support defendant's position.

"When a statement purporting to be a confession bears the signature of the accused, it is presumed, nothing else appearing, that the accused has read it or has knowledge of its contents." *State v. Walker*, 269 N.C. 135, 139, 152 S.E. 2d 133, 137 (1967). The rule in civil cases, also applicable to the defendant's argument in this criminal case, is that a person who signs a paper writing has a duty to ascertain the contents of the writing, and he will be held to have signed with full knowledge and assent as to its contents unless it is shown that he was wilfully misled or misinformed by the opposing party, or if the contents were fraudulently withheld from him. *Williams v. Williams*, 220 N.C. 806, 18 S.E. 2d 364 (1942).

When the admissibility of an in-custody confession is challenged, the trial judge must hold a *voir dire* hearing to determine whether a confession was voluntary and admissible. *State v. Riddick*, 291 N.C. 399, 230 S.E. 2d 506 (1976), *motion to reconsider denied*, 293 N.C. 261, 247 S.E. 2d 234 (1977). If there is a material conflict in the evidence, that is, one which affects the admissibili-

ty of the confession, the trial judge must make findings of fact resolving the conflict. *State v. Smith,* 278 N.C. 36, 178 S.E. 2d 597, *cert. denied,* 403 U.S. 934, 91 S.Ct. 2266, 29 L.Ed. 2d 715 (1971); *State v. Conyers,* 267 N.C. 618, 148 S.E. 2d 569 (1966).

The officer who recorded defendant's statement in the present case testified on *voir dire* that defendant signed the confession after reading it. Defendant, however, testified on *voir dire* that he did not read the statement as he thought he "was signing for a lawyer." A conflict thus arose in the evidence on *voir dire* on this issue.

The trial court did resolve the conflict, however. Defendant testified that before he signed the statement, he expressed a desire for an attorney, and thought he was signing for an attorney when he signed the statement. The officer, however, testified that the defendant never requested an attorney. This conflict was resolved by the trial court's findings of fact that defendant expressly stated that he did not desire an attorney after being asked if he wanted a lawyer present. The defendant also signed a waiver of rights. Indeed, these findings of fact show that there was no fraud, misleading, or withholding of information from defendant. Defendant stated that he could read.

The cases cited by defendant are distinguishable. In *State v. Walker, supra,* the State's own evidence clearly established that the defendant had not read or been read his confession. In *State v. Conyers, supra,* although there was a conflict in the evidence as to whether the defendant had read or been read the confession, the trial court's failure to resolve any of the conflicts after the contested hearing rendered the trial court's findings of fact woefully inadequate.

Assuming *arguendo* that the trial court erred in failing to make a finding of fact whether defendant had read the statement, the error was not prejudicial in this case. Even without the confession, there was plenary evidence of defendant's guilt. The Blands' description of defendant as he appeared at their house later that evening matched the description given of the robber by the store cashier. Moreover, defendant told the Blands that he had robbed a store that evening. The confession merely tended to corroborate their testimony.

Defendant had an opportunity to cross-examine the officer at trial about the authenticity and accuracy of the statement. Defendant did not bring the lack of a finding about whether defendant had read the statement to the trial court's attention, and no exception to the trial court's failure to make such finding appears in the record.

We hold that defendant received a fair trial, free from prejudicial error.

Judges ARNOLD and WELLS concur.