STATE OF NORTH CAROLINA v. JACK PRESLEY COEN

No. 8510SC723

(Filed 21 January 1986)

**1. Rape and Allied Offenses § 4— second degree sexual offense—conflicting testimony about shower—testimony as to amount of rent excluded—no error**

The trial court did not err in a prosecution for attempted second degree sexual offense by excluding testimony concerning the amount of rent the pros-

ecutrix paid for her apartment where defendant had testified that he and the prosecutrix had taken showers and gone to bed, and the prosecutrix had testified that the shower did not work. The proffered testimony as to the amount of rent the prosecutrix was paying had no logical tendency to prove that the shower was in good working order; furthermore, defendant failed to show that the verdict was improperly influenced by the court's ruling and defendant had the practical benefit of the testimony in that the prosecutrix's partial answer before the State objected was not stricken. N. C. Rules of Evidence, Rule 402.

2. **Constitutional Law § 68; Witnesses § 10— second degree sexual offense—witness refused to appear—defendant dilatory in bringing to court's attention— motion for court's assistance denied**

   The trial court did not abuse its discretion and did not violate defendant's right to compulsory process in a prosecution for attempted second degree sexual offense in which the condition of the prosecutrix's shower was an issue by denying defendant's motion for assistance in getting the prosecutrix's landlady into court where defendant issued a subpoena for the landlady on the first day of trial; the landlady hung up on the deputy who called to inform her of the subpoena; and defendant asked the court for assistance at approximately 1:30 p.m. on the second day of trial, after his last witness had been called. N.C.G.S. 15A-803(a), Sixth Amendment to the U. S. Constitution.

APPEAL by defendant from *Battle, Judge*. Judgment entered 30 January 1985 in Superior Court, WAKE County. Heard in the Court of Appeals 18 November 1985.

Defendant appeals from a judgment of imprisonment entered upon his conviction of attempted second degree sexual offense.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Wilson Hayman, for the State.*

*Acting Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Geoffrey C. Mangum, for defendant appellant.*

JOHNSON, Judge.

[1] Defendant presents two assignments of error for review. First, defendant contends the trial court erred in sustaining the State's objection to a question posed by defense counsel in cross-examining the prosecutrix, Ms. Hill, concerning the amount of rent she paid for her apartment.

On direct examination Ms. Hill testified that in the early morning hours of 29 June 1984 defendant attempted to force her

to perform fellatio upon him on the living room couch in her Raleigh apartment. On cross-examination by defense counsel, Ms. Hill was asked, "What was the [amount of] rent that you were paying [for your apartment]?" Ms. Hill responded "Two hundred . . ." at which time the State interposed an objection before Ms. Hill completed her answer. The court sustained the objection. The answer was not stricken from the record, nor was the jury instructed to disregard the witness' answer. Subsequently, Ms. Hill testified on *voir dire* that she paid two hundred fifty dollars ($250.00) per month for rent and that although the shower was broken, the water still ran and permitted baths to be taken in the bathtub. After the jury returned, Ms. Hill testified further on cross-examination that neither she nor the defendant had taken a shower on the evening in question, and that the shower in her apartment had not been working since approximately 12 June 1984.

Defendant testified in his own behalf and stated on direct that both he and Ms. Hill took showers in her apartment on the evening in question, that they went to bed together and that he never attempted to force Ms. Hill to perform fellatio.

Defendant also presented evidence through defense witness George Hughes, Chief Engineer at the Velvet Cloak Inn where Ms. Hill worked, that he (Hughes) repaired the shower in Ms. Hill's apartment in April 1984 and that at the time no water would come through the shower head. Mr. Hughes also testified on direct that he had received a request from Ms. Hill to repair the shower on 12 June 1984 but that he had never been able to make the repair because he went on vacation shortly thereafter.

Defendant argues that the amount of Ms. Hill's rent was a relevant circumstance tending to prove that the shower in her apartment was not broken, thus corroborating defendant's version of the facts while tending to impeach Ms. Hill's testimony. We disagree.

'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Rule 401, N.C. Rules Evid. Evidence which is not relevant is not admissible. Rule 402, N.C. Rules Evid. If the proffered evidence

has no tendency to prove a fact in issue in the case, the evidence is irrelevant and must be excluded. *State v. Perry*, 298 N.C. 502, 259 S.E. 2d 496 (1979). The proffered testimony as to the amount of rent Ms. Hill was paying for the apartment has no logical tendency to prove that the shower in Ms. Hill's apartment was in good working order on the day in question.

Furthermore, the scope of cross-examination rests largely within the discretion of the trial judge, and the court's ruling will not be disturbed in the absence of a showing that the verdict was improperly influenced by the limited scope of cross-examination. *State v. Woods*, 307 N.C. 213, 297 S.E. 2d 574 (1982). In the case *sub judice*, defendant has failed to show that the verdict was improperly influenced by the court's ruling. Moreover, defendant had the practical benefit of the excluded *voir dire* testimony by Ms. Hill that "I paid two hundred fifty dollars a month for rent." In response to a question posed by defense counsel regarding the amount of rent she paid, Ms. Hill replied, "[t]wo hundred . . . ." Although the court sustained the State's objection to this answer that answer was not stricken from the record, nor was the jury instructed by the court to disregard the answer.

[2] Next defendant contends the trial court abused its discretion and violated defendant's Sixth Amendment guarantee for compulsory process for obtaining witnesses in his favor by denying his motion for an order to secure the attendance of a witness.

G.S. 15A-803(a) provides in pertinent part that a judge may issue an order assuring the attendance of a material witness at a criminal proceeding when there are reasonable grounds to believe that the person whom a defendant desires to call as a witness possesses information material to the determination of the proceeding and may not be amenable or responsive to a subpoena at a time when his attendance will be sought. G.S. 15A-803(d) provides in pertinent part that a material witness order may be obtained upon motion supported by affidavit showing cause for its issuance. A trial judge may not exercise his discretion to issue an order to secure the attendance of a material witness in a manner inconsistent with the Sixth Amendment guarantee that an accused be afforded compulsory process for obtaining witnesses in his favor. *State v. Cyrus*, 60 N.C. App. 774, 300 S.E. 2d 58 (1983), citing *State v. Tindall*, 294 N.C. 689, 242 S.E. 2d 806 (1978).

The trial of this case lasted for two days. On the first day of trial defense counsel issued a subpoena for Mrs. Arthur H. Gold, the prosecutrix's landlady. When a deputy sheriff called Mrs. Gold to inform her of the subpoena she hung up on him. Court convened at 9:30 a.m. the second day of trial. On the second day of trial at approximately 1:30 p.m. after defendant's last witness had been examined and immediately before resting his case defense counsel advised the court that defendant wanted to call Mrs. Gold as a witness but that she was not present although subpoenaed the day before; that Mrs. Gold had previously told him that the shower was working on the day in question; that Mrs. Gold hung up on the sheriff's department when she was called on the first day of trial to be advised of the subpoena. Defense counsel then moved for "the Court's insistence [sic] in getting her to court." Upon finding that defense counsel was dilatory in advising the court of any problem he was having with the witness the court denied his motion.

Our holding in *State v. Cyrus, supra* is dispositive of this assignment of error. In *Cyrus* this Court held that the trial court did not abuse its discretion or violate defendant's Sixth Amendment guarantee to compulsory process for obtaining witnesses in his favor where defense counsel knew before trial that the witness might not appear to testify and did not file a motion for an order to secure the witness' attendance until the morning of trial. *Accord, State v. Poindexter,* 69 N.C. App. 691, 318 S.E. 2d 329, *cert. denied,* 312 N.C. 497, 322 S.E. 2d 563 (1984) (defendant waited until after the close of the State's case-in-chief before requesting the court's assistance in obtaining subpoenas for his witnesses). In the case *sub judice* we find that defendant's own lack of diligence was responsible for the absence of his witness. The trial court did not abuse its discretion and did not violate defendant's right to compulsory process.

No error.

Chief Judge HEDRICK and Judge WHICHARD concur.