STATE OF NORTH CAROLINA v. ALPHONSO PLATT, JR., BELTON LA-
MONT PLATT, AND GERALD BERNARD DAVIS

No. 8626SC963

(Filed 7 April 1987)

1. **Criminal Law §§ 73.2, 89.4— prior statement of witness—inadmissibility as substantive evidence or for impeachment—harmless error**

   A witness's prior statement to the police was not admissible as substantive evidence under the "residual" hearsay exception set forth in N.C.G.S. § 8C-1, Rule 803(24), where the trial court failed to make the required inquiry for the admission of such evidence. Nor was the statement admissible under N.C.G.S. § 8C-1, Rule 607, as a prior inconsistent statement for impeachment purposes where the witness never testified to anything with which his prior statement was inconsistent. However, the erroneous admission of the statement was not sufficiently prejudicial to warrant a new trial in light of other similar evidence properly admitted at trial that defendant was a direct participant in the crimes charged.

2. **Assault and Battery § 14.4— five counts of felonious assault—sufficient evidence**

   The State's evidence was sufficient to support defendant's conviction of five counts of assault with a deadly weapon with intent to kill inflicting serious injury where it tended to show that there was a shootout between the gangs of two rival drug dealers, defendant and other members of one gang were observed shooting weapons from an apartment, and five persons in the vicinity of the apartment were injured by gunshots during the shootout, since the jury could reasonably infer that defendant, either solely or while acting with other members of one gang, inflicted these injuries during the shootout.

3. **Assault and Battery § 15.7— instruction on self-defense not required**

   The evidence in a felonious assault case did not require the trial court to instruct on self-defense where it tended to show that there was a shootout between the gangs of rival drug dealers, that when the shooting started, defendant came out of an apartment, loaded his weapon and began shooting, and there was no evidence showing legal provocation, excuse or abandonment and withdrawal.

**4. Criminal Law § 138.22 — aggravating factor — use of weapon normally hazardous to multiple lives — sufficient evidence**

The trial court properly found as an aggravating factor for five counts of assault with a deadly weapon with intent to kill inflicting serious injury and one count of felony riot that defendant employed a weapon normally hazardous to the lives of more than one person where several witnesses testified that they saw defendant firing either a machine gun or some kind of rifle, and one witness testified that he heard automatic weapon fire. N.C.G.S. § 15A-1340.4 (b).

**5. Criminal Law § 101.4 — taking witness's statement into jury room — prejudicial error**

In a prosecution for one count of felony riot and five counts of assault with a deadly weapon with intent to kill inflicting serious injury which arose from a shootout between rival gangs, the trial court erred in permitting the jury, over defendant's objection and without his consent, to take a witness's prior statement into the jury room during its deliberations. Furthermore, this error was prejudicial and entitled defendant to a new trial on all charges where the statement was inadmissible either for substantive or impeachment purposes and represented the only direct evidence that defendant possessed or fired a gun during the shootout. N.C.G.S. § 15A-1233(b).

**6. Criminal Law § 33.3 — money in car of defendant's wife — irrelevancy**

Evidence of currency found in the car of defendant's wife and expert testimony concerning traces of cocaine found on some of the currency was irrelevant in a prosecution for felony riot and assault with a deadly weapon with intent to kill inflicting serious injury arising out of a shootout between the gangs of rival drug dealers. N.C.G.S. § 8C-1, Rule 402.

APPEAL by defendants from *Pachnowski, Judge.* Judgments entered 23 April 1986 in MECKLENBURG County Superior Court. Heard in the Court of Appeals 11 February 1987.

Defendants were tried on indictments charging each of them, respectively, with one count of felony riot and five counts of assault with a deadly weapon with intent to kill inflicting serious injury. The State's evidence tended to show, in pertinent part, that:

Around 3:00 p.m. on 30 November 1985 an argument started between Louis Samuels and defendant Belton Lamont Platt in an area called "Hollywood Boulevard" located near Piedmont Courts Apartments in Charlotte. The two men were arguing about drug-related activities in the area. A scuffle began and Louis struck Belton in the face with his fist. Belton struck Louis back, and they fought for several minutes. Then a man known as "December" approached the two and tried to prevent them from fighting. Louis picked up December and threw him to the ground. At this

point Charles Locke came over to December, pulled out a gun, and shot him in the leg after saying something to him. Shortly thereafter, several individuals including defendant Alphonso Platt, Jr. and defendant Gerald Bernard Davis began firing weapons in a shootout between the "Platt" group and the "Samuels" group. Five witnesses to the shootout, Veronica Streeter, Sabrina White, Willie H. Doster, Tony Hunter, and Donald White, were injured by the gunshots.

Following the shootout, Belton Platt was observed carrying guns from apartment 231, Piedmont Courts and placing them in the trunk of a car. The police arrived shortly after the shootout and began making arrests. Officer Bridges observed Belton Platt and Gerald Davis remove a weapon from December and throw it into the back seat of a green Cadillac owned by Belton's wife, Delores Platt. However, Officer Bridges was unable to find this gun when she searched the car several minutes later. A subsequent search of the vehicle revealed that it contained approximately $13,000 in cash. An examination of some of the cash by a chemist at the Charlotte-Mecklenburg Crime Laboratory showed the presence of traces of cocaine on the money.

At trial, the trial court admitted the statement of an eyewitness, Willie C. Townsend, which implicated Alphonso Platt and Belton Platt. The court also admitted the currency found in Ms. Platt's Cadillac and permitted expert testimony regarding the traces of cocaine found on some of the bills. At the close of the State's evidence, the court denied defendants' motion to instruct the jury on self-defense as requested by defendants. Over the objection of counsel for defendant Belton Platt, the court permitted the jury to take the Townsend statement into the jury room during their deliberations.

Regarding defendants Alphonso Platt and Belton Platt, the jury returned verdicts of guilty of five counts of assault with a deadly weapon with intent to kill inflicting serious injury and one count of felony riot. Regarding defendant Gerald Davis, the jury returned verdicts of guilty of felony riot but not guilty of any of the five counts of assault with a deadly weapon with intent to kill inflicting serious injury.

In sentencing defendants Belton Platt and Alphonso Platt, the court found as an aggravating factor that each defendant

knowingly created a great risk of death to more than one person by means of a weapon or device which would normally be hazardous to the lives of more than one person.

From judgments of imprisonment, defendants Alphonso Platt and Belton Platt appealed.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General David S. Crump, for the State.*

*Assistant Public Defender Marc D. Towler for defendant Alphonso Platt, Jr.*

*James H. Carson, Jr. for defendant Belton Platt.*

WELLS, Judge.

### Appeal of Defendant Alphonso Platt, Jr.

[1]   Defendant Alphonso Platt contends the court erred in admitting the prior statement of Willie Townsend. For the reasons below, we hold that the court erred by admitting this statement but that this error was not sufficiently prejudicial to warrant a new trial in light of other similar evidence properly admitted at trial.

The State initially called Willie Townsend to testify as a witness at trial. After stating his name and address, the prosecution handed Townsend a prior statement which he had given to the police on 1 December 1985 regarding his account of the events of 30 November 1985. The statement consists of the following:

> On 11/30/85 at around 2:30 or 3:00 p.m. I was in the two hundred block of Piedmont Court. I was with Louis Samuels. We were standing on the front porch of his old apartment. We walked out into the street, there were several other people standing around. Louis was getting ready to get into his car and "Money Rock" [defendant Belton Platt] came up to Louis. They started arguing and then they started fighting. A guy named "December" came up and grabbed Louis. Louis picked up "December" and threw him to the ground. About that time, Charles Locke came up and "December" reached for a pistol that he had under his jacket. "December" started pull-

ing the pistol out and Charles Locke shot him. I jumped behind a car. I then saw Al Platt stick a shotgun or rifle out the window of apartment 231 and start shooting. I saw "Mitch" (I don't know his real name) shooting a gun from the same upstairs window and a guy named "Toot" was shooting from the upstairs window. I think "Toot" was shooting a rifle or a shotgun too. They were just shooting. It sounded like a big war. Then I saw "Money Rock" who was still in the parking lot beside a green Cadillac shooting at Louis Samuels. He shot Louis in the back and Louis ran to the back of his car and then ran to the back of a garbage can. "Money Rock" was still shooting at him.

After the shooting stopped, Al Platt and "Mitch" came out of the apartment they were shooting from with a bunch of guns in their hands and ran to "Money [Rock's"] green Cadillac and started to put the guns in the Cadillac, and "Money Rock" said, don't put them in there. They opened the trunk and took some more guns out of the trunk and took all the guns and put them in a small brown Toyota. Mitch drove away in the brown Toyota. Then the police came.

Townsend acknowledged his signature and the date of the statement. The prosecutor then asked Townsend to read this statement to the jury without ever attempting to elicit his testimony about the events of 30 November during his examination at trial. Counsel for defendant objected. The court denied the objection and ruled the statement admissible.

After Townsend refused to read the statement to the jury because, as he stated, "it ain't the truth[,]" the prosecutor read the statement to him sentence by sentence and asked whether he made each of these statements. Townsend admitted telling the police certain things but denied making other portions of the statement. The court instructed the jury to consider only the responses by the witness and not the prosecutor's questions as substantive evidence.

The State subsequently called Larry Walker, the officer who took Townsend's statement on 1 December, as a witness. Over objection, the court allowed Officer Walker to read Townsend's statement to the jury. The court instructed the jury to consider the evidence for "impeachment purposes" only. At the close of

the State's evidence, the Townsend statement was passed to the jury to read over defense counsel's objection. At this time the court again instructed the jury that they should only consider this statement for impeachment purposes and not consider it as substantive evidence.

Acknowledging in its brief that the court failed to make the required inquiry for admitting Townsend's out-of-court statement under the applicable "residual" hearsay exception set forth in N.C. Gen. Stat. § 8C-1, Rule 803(24) of the North Carolina Rules of Evidence, the State essentially concedes that this statement was inadmissible as substantive evidence. *See State v. Smith*, 315 N.C. 76, 337 S.E. 2d 833 (1985). The State contends instead that Townsend's statement was admissible solely for the limited purpose of impeachment as a prior inconsistent statement.

Under N.C. Gen. Stat. § 8C-1, Rule 607 of the North Carolina Rules of Evidence a party may impeach his own witness. Further, "[f]or purposes of impeachment prior inconsistent statements of a witness are always admissible." *State v. McKeithan*, 293 N.C. 722, 239 S.E. 2d 254 (1977). However,

> Inconsistent statements are admissible simply for the consideration of the jury in determining the witness's credibility. Hence they are not ordinarily admissible until the witness has testified to something with which they are inconsistent, although error in admitting them prematurely may be cured if the witness later testifies in such a way as to make them admissible.

1 Brandis, *North Carolina Evidence* § 46 (2d Rev. Ed., 1983 Supp.).

As Townsend never testified to his recollection of the events of 30 November either before or after the court admitted his statement, he never "testified to something with which [his statement was] inconsistent. . . ." *Id.* In essence, there was no testimony by Townsend for the State to impeach. We thus hold that this statement was not admissible for the limited purpose of impeachment. Accordingly, we hold that the court erred in admitting Townsend's statement.

Erroneous admission of evidence, however, is not always so prejudicial as to require a new trial. *State v. Sills*, 311 N.C. 370,

317 S.E. 2d 379 (1984). Defendant has the burden of showing that there was a reasonable possibility that a different result would have been reached at trial if the error had not been committed. N.C. Gen. Stat. § 15A-1443(a); *Sills, supra.*

We hold that there is no reasonable possibility that had this error not been committed, a different result would have been reached at trial and that the error was harmless in light of other similar evidence properly admitted at trial. *See id.* Through the testimony of Andre White and Valerie Sturdivant, who were both eyewitnesses to the shootout, the State presented evidence that defendant Alphonso Platt was a direct participant in the crimes charged in that, during the shootout, these witnesses observed him loading and shooting a rifle or machine gun from the doorway of apartment 231, Piedmont Courts. The Townsend statement merely corroborated defendant's participation in the shootout. In light of this properly admitted similar evidence of defendant's participation, "We are not persuaded that the evidence complained of here requires a new trial." *Sills, supra. See also State v. King*, 67 N.C. App. 524, 313 S.E. 2d 281 (1984).

[2]  Defendant contends the court erred in denying his motion to dismiss the charges of assault with a deadly weapon with intent to kill inflicting serious injury "where the evidence showed that gunfire erupted from all directions during a fight between two rival groups resulting in wounds to the five victims but failed to show who actually shot any of the victims." We disagree.

The State's theory at trial was that the 30 November shootout constituted a "war" between two rival drug dealers, defendant Belton Platt and Louis Samuels, and their groups or gangs. The evidence presented at trial supports this theory. The evidence also shows that defendant Alphonso Platt belonged to the "Platt" group and participated in the shootout. Specifically, defendant, as well as other members of the "Platt" group, was observed shooting weapons from apartment 231, which constituted the "Platt" group "fortress" during the shootout. During this shootout, five persons in the vicinity of apartment 231 were shot.

We hold that, when the foregoing evidence is considered in the light most favorable to the State, giving it the benefit of every reasonable inference arising therefrom, it is sufficient to

overcome defendant's motion to dismiss. *See State v. Dailey*, 33 N.C. App. 551, 235 S.E. 2d 876, *disc. rev. denied*, 293 N.C. 254, 237 S.E. 2d 258 (1977). Specifically, we hold that, from the evidence that five persons were injured by gunshots and the particular circumstances surrounding those shootings, *viz.*, a shootout between two rival gangs, the jury could reasonably infer that defendant, either solely or while acting in concert with other members of the "Platt" group, inflicted these injuries during the shootout. *See id.* Accordingly, it was " 'for the jury to decide whether the facts, taken singly or in combination, satisfy them beyond a reasonable doubt that the defendant is actually guilty.' " *Id.*

[3] Defendant contends the court erred in failing to grant defendant's request for instructions on the law of self-defense. In general,

> The right of self-defense is available only to a person who is without fault, and if a person voluntarily, that is, aggressively and willingly, without legal provocation or excuse, enters into a fight, he cannot invoke the doctrine of self-defense unless he first abandons the fight and withdraws from it and gives notice to his adversary that he has done so.

*State v. Plemmons*, 29 N.C. App. 159, 223 S.E. 2d 549 (1976), *quoting State v. Watkins*, 283 N.C. 504, 196 S.E. 2d 750 (1973).

The evidence here shows that when the "shots started . . ." defendant came out of apartment 231, loaded his weapon and began shooting. By the same token, there is no evidence showing legal provocation, excuse or abandonment and withdrawal. *See id.* Accordingly, we hold that an instruction on self-defense was not warranted by the evidence and that the court thus properly omitted such instruction from its charge. *See id.*

[4] Defendant contends the court erred in finding as an aggravating factor that defendant employed a weapon normally hazardous to the lives of more than one person. We disagree.

Under G.S. § 15A-1340.4(b), when a court imposes a sentence in excess of the presumptive, it must ground its decision on specifically identified aggravating factors proved by a preponderance or greater weight of the evidence. *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983). Defendant contends that there was insufficient evidence to support this aggravating factor.

We hold that there was sufficient evidence to support this factor. Several witnesses testified that they saw defendant firing either a machine gun or some kind of rifle. One witness testified that he heard automatic weapon fire. Finally, a machine gun is one weapon contemplated by this aggravating factor. *See State v. Bethea,* 71 N.C. App. 125, 321 S.E. 2d 520 (1984).

Defendant further contends that use of this factor to aggravate his sentences for assault with a deadly weapon with intent to kill inflicting serious injury is prohibited by G.S. § 15A-1340.4(a)(1) which provides that "[e]vidence necessary to prove an element of the offense may not be used to prove any factor in aggravation. . . ." However, in order to prove its case, the State simply needed to show that defendant used a deadly weapon, and it did not need to show, as an essential part of its proof of the charged offenses, that defendant employed a weapon normally hazardous to the lives of more than one person. *Cf. State v. Bethea, supra.* Accordingly, we hold that the court did not err in finding this factor. This contention is rejected.

### Appeal of Defendant Belton Platt

**[5]** Defendant contends the court erred in permitting the jury, over objection and without his consent, to take the Townsend statement into the jury room during its deliberations. We hold that the court erred in allowing this exhibit to go into the jury room and that this error was sufficiently prejudicial to warrant a new trial for defendant on all charges.

N.C. Gen. Stat. § 15A-1233(b) authorizes a judge to allow the jury to take into the jury room exhibits and writings which have been admitted into evidence when the jury so requests and the parties give their consent. *State v. Taylor,* 56 N.C. App. 113, 287 S.E. 2d 129 (1982). Defendant here objected to the jury's taking this statement into the jury room, and the court thus violated G.S. § 15A-1233(b) in allowing the exhibits to go into the jury room. *Id.*

We now consider whether this error was prejudicial; whether there is "a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial. . . ." G.S. § 15A-1443(a). First, we note that the Townsend statement represented the only direct evidence that

defendant possessed or fired a gun during the actual shootout. The State offered no other evidence indicating defendant's whereabouts or whether he possessed or fired a gun during the shootout. Evidence of defendant's guilt from sources other than the Townsend statement simply shows the following: Defendant and Louis Samuels became involved in an argument about drug-related activities. Louis Samuels struck defendant, and defendant fought back during an ensuing scuffle between the two men. After the shootout, defendant was observed removing a gun from the pants of "December" and throwing it into the back seat of his wife's Cadillac. Defendant was also observed, after the shooting had ceased, carrying guns from apartment 231 and placing them in the trunk of a car.

We previously have held in defendant Alphonso Platt's appeal, *supra*, that the court erred in admitting the Townsend statement. The court then improperly permitted the jury to take this inadmissible evidence which directly implicates defendant in the crimes charged into the jury room during its deliberations.

In sum, we cannot say that the error in allowing the jury to take this inadmissible evidence into the jury room was harmless in light of the other evidence properly admitted at trial. *See State v. Mills*, 83 N.C. App. 606, 351 S.E. 2d 130 (1986). In contrast to the State's case against co-defendant Alphonso Platt, the State, in its case against defendant, did not present any similar direct evidence of defendant's participation in the shootout itself. Given the inadmissibility of the Townsend statement and its highly incriminating nature for both crimes charged, we hold that the court's error in permitting the jury to take the statement into the jury room over objection was sufficiently prejudicial to entitle defendant to a new trial. *See id.*

[6]   Defendant contends the court erred in admitting the currency found in Ms. Platt's Cadillac and in permitting expert testimony regarding the traces of cocaine found on some of the bills. This evidence clearly is irrelevant and the court should have excluded it. N.C. Gen. Stat. § 8C-1, Rule 402. *See also State v. Coen*, 78 N.C. App. 778, 338 S.E. 2d 784, *disc. rev. denied*, 317 N.C. 709, 347 S.E. 2d 444 (1986).

Given our disposition of defendant's appeal, we do not reach his remaining assignments of error.

In Nos. 96060, 96073, 96080, 96087, 96088, and 96099 (defendant Alphonso Platt),

No error.

In Nos. 96063, 96072, 96079, 96086, 96091, and 96102 (defendant Belton Platt),

New trial.

Judges EAGLES and GREENE concur.