State v. Acklin

---

STATE OF NORTH CAROLINA v. WILLIE ACKLIN

No. 832SC1154

(Filed 6 November 1984)

1. **Criminal Law §§ 181, 105.1— sufficiency of the evidence—raised for first time in motion for appropriate relief**

    In a criminal case, the proper motion to test the sufficiency of the State's evidence is a motion to dismiss the action; however, a defendant who fails to make the motion at trial is permitted to raise the challenge in a motion for appropriate relief. G.S. 15A-1414.

2. **Automobiles and Other Vehicles § 131.1— hit and run—evidence sufficient**

    In a prosecution for hit and run and failing to stop at a stop sign, the trial court properly denied defendant's motion for appropriate relief based on insufficient evidence where the evidence, taken in the light most favorable to the State, showed that the victim was struck by a trailer loaded with firewood as defendant drove from an alley; that one of the wheels of the trailer dislodged as defendant turned into the street, slowing the truck; that defendant drove up the street, crossed some railroad tracks, and drove back past the point where the accident occurred; and that defendant failed to stop at a stop sign as he left the scene of the accident. G.S. 20-166, G.S. 15A-1414(1)(c).

3. **Criminal Law § 132— denial of motion to set aside verdict as contrary to the weight of the evidence—no abuse of discretion**

    There was no abuse of discretion in the trial court's denial of defendant's motion for appropriate relief on the grounds that the verdict was contrary to the weight of the evidence.

    Judge PHILLIPS dissenting.

APPEAL by defendant from *Brown, Judge*. Judgment entered 2 June 1983 in Superior Court, MARTIN County. Heard in the Court of Appeals 21 August 1984.

The defendant was charged with hit and run involving personal injury and failure to stop at a stop sign. The jury returned a verdict of guilty on both charges and the court imposed an active sentence. After judgment, defendant made a motion for appropriate relief under the provisions of 15A-1414(b)(1)(a) and (c) and 15A-1414(b)(2). From a denial of his motion, defendant appeals, assigning error only as to his conviction to the hit and run offense.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Michael Rivers Morgan, for the State.*

*Thomas B. Brandon, III, for defendant appellant.*

JOHNSON, Judge.

The State offered evidence which tends to show the following: On 21 January 1983, defendant, Willie Acklin, came out of Knox Hardware Company in Robersonville, North Carolina and into a public alley where he had parked his truck and an attached trailer loaded with firewood. The defendant had cut the firewood for another individual and had attempted to sell the firewood to Knox Hardware. Upon nearing his truck, defendant was met by David Earl Whitehurst who asked defendant if he could repay approximately eighty dollars he owed Mr. Whitehurst. The amount owed was for work which Mr. Whitehurst had performed on defendant's trailer. The defendant told Mr. Whitehurst he could not repay him anything at that time, but after a brief discussion, Mr. Whitehurst thought the defendant agreed to let him hold the trailer and firewood as security for the debt.

The two men proceeded to the driver's side of defendant's truck. Mr. Whitehurst continued on to the rear of the truck as defendant got into the truck, cranked it and began to drive off. Mr. Whitehurst then ran back to the truck cab and tried to open the door, whereupon Mr. Whitehurst's hand became stuck in the door latch while defendant's truck moved forward. As the defendant neared the street at the end of the alley, Mr. Whitehurst was running alongside the truck with his hand still lodged in the door.

At the sidewalk, Mr. Whitehurst freed himself from the door and as he cleared the truck and trailer, he fell or tripped and was hit by the trailer loaded with firewood.

As the defendant exited the alley turning left onto the street, one of the wheels dislodged from the trailer slowing the speed of the truck. The defendant continued up the street towards the railroad tracks which divided the street. Defendant crossed the track and then turned right and drove on the opposite side of the street back past the point where the accident occurred. As he drove past, defendant looked back toward where the accident occurred and where Mr. Whitehurst lay injured near the sidewalk. Mr. Whitehurst's brother was seated in an automobile parked nearby at the time of the accident. Immediately after the accident, Mr. Whitehurst's brother exited the automobile, examined Mr. Whitehurst and then ran down the street to stop the defendant as he was driving back by. Defendant failed to stop and Mr. Whitehurst's brother threw rocks at defendant's truck, shattering the rear window. Mr. Whitehurst, the victim, testified he never assaulted defendant. The State offered further evidence tending to show that defendant failed to stop for a duly erected stop sign as he left the scene of the accident.

Defendant testified that he was not aware that his trailer had hit Mr. Whitehurst and that his fear of being assaulted by Mr. Whitehurst and his brother was the reason for his failure to stop.

The sole question presented by defendant's appeal is whether the trial court erred in denying defendant's motion for appropriate relief made pursuant to G.S. 15A-1414(b)(1)(a) and (c) and (b)(2). Defendant's motion is based upon two contentions: (1) the evidence was insufficient to be submitted to the jury and (2) that the verdict is contrary to the weight of the evidence.

[1] "In a criminal case the proper motion to test the sufficiency of the State's evidence is a motion to dismiss the action or a motion for judgment as in the case of nonsuit." *State v. Everette*, 284 N.C. 81, 199 S.E. 2d 462 (1973); *State v. Chavis*, 30 N.C. App. 75, 77, 226 S.E. 2d 389, 391, *cert. denied*, 290 N.C. 778, 229 S.E. 2d 33 (1976). Although defendant failed to make the motion at trial challenging the sufficiency of the evidence, defendant is permit-

ted to raise such challenge in a motion for appropriate relief. G.S.
15A-1414.

[2]    As previously noted, defendant's assignment of error on ap-
peal seeks to challenge only the sufficiency of the evidence re-
garding the hit and run conviction.

The State had the burden of presenting sufficient evidence
on each and every element of the offense of hit and run with per-
sonal injury to warrant submitting its case to the jury. The es-
sential elements are: (1) that the defendant was involved in an
accident; (2) that someone was physically injured in this accident;
(3) that at the time of the accident the defendant was driving the
vehicle; (4) that the defendant knew that he had struck a pedes-
trian and that the pedestrian suffered physical injury; (5) that the
defendant did not stop his vehicle immediately at the scene of the
accident; and (6) that the defendant's failure to stop was wilful,
that is, intentional and without justification or excuse. G.S.
20-166. Defendant's contention that there was insufficient evi-
dence to warrant submitting the case to the jury centers around
element four, his knowledge that he had struck Mr. Whitehurst
and element six, that his failure to stop was not justified or ex-
cused. Defendant argues that the evidence shows that he was un-
aware that his trailer had hit Mr. Whitehurst, thereby negating
the fourth element; and that his evidence shows that his failure to
stop was due to his fear of being assaulted by Mr. Whitehurst
and his brother, thereby negating the sixth element. It is a well
settled principle of law that:

> In ruling on a motion to dismiss the trial court is to consider
> the evidence in the light most favorable to the State. (Cita-
> tion omitted.) In so doing, the State is entitled to every
> reasonable intendment and every reasonable inference to be
> drawn from the evidence; contradictions and discrepancies do
> not warrant dismissal of the case—they are for the jury to
> resolve. *Id.* The court is to consider all of the evidence actual-
> ly admitted, whether competent or incompetent, which is fa-
> vorable to the State. *Id.* The defendant's evidence, unless
> favorable to the State, is not to be taken into consideration.
> (Citations omitted.) However, when not in conflict with the
> State's evidence, it may be used to explain or clarify the
> evidence, offered by the State. *Id.* In ruling on the motion,

evidence favorable to the State is to be considered as a whole in determining its sufficiency. (Citation omitted.)

*State v. Earnhardt*, 307 N.C. 62, 67, 296 S.E. 2d 649, 652-653 (1982).

Applying the foregoing principles to the evidence in the case at bar, we hold that the trial court properly denied defendant's motion for appropriate relief made pursuant to G.S. 15A-1414(1)(c).

[3] The defendant's second contention is that the jury verdict is contrary to the weight of the evidence. A motion to set aside the verdict as being contrary to the greater weight of the evidence is addressed to the discretion of the trial judge and is not reviewable on appeal in absence of abuse of that discretion. *State v. Boykin*, 298 N.C. 687, 702, 259 S.E. 2d 883, 892 (1979), *cert. denied*, 446 U.S. 911, 100 S.Ct. 1841, 64 L.E. 2d 264 (1980). Disposition of post-trial motions is within the discretion of the trial court and the refusal to grant them is not error absent a showing of abuse of that discretion. *State v. Watkins*, 45 N.C. App. 661, 665, 263 S.E. 2d 846, 849, *rev. denied*, 300 N.C. 561, 270 S.E. 2d 115 (1980). We have reviewed the entire record and the record discloses no abuse of discretion by the trial judge. This contention is without merit.

The trial court properly denied defendant's motion for appropriate relief.

Affirmed.

Judge WEBB concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

In its brief the State accepted and adopted the defendant's statement of the facts, which states that as defendant was leaving the alley, the victim's brother threw rocks at defendant's truck, and that defendant "next proceeded to the Robersonville Police Station approximately one block from the scene of the alley where he reported the incident to the police." This shows, I think, the defendant's failure to stop his vehicle was justified and ex-

cusable, since staying at the scene would have likely led to further violence. Furthermore, the statute he was prosecuted under, G.S. 20-166(a), expressly permits a driver to leave an accident scene for the purpose of calling the law, and defendant's trip to the nearby police station was within that authority, it seems to me.