STOKES COUNTY, APPLICANT v. DONALD H. PACK AND WIFE, JEWEL M. PACK; WILLIAM H. JOHNSON; STEPHEN JESSUP; DON LESTER; JAMES HARRIS; PEGGY NICHOLS, RESPONDENTS

IN RE: DONALD AND JEWEL PACK, PETITIONERS

No. 8817SC13

(Filed 18 October 1988)

**Municipal Corporations § 30.17— garage and salvage business begun—zoning ordinance enacted—nonconforming use not extended**

Where a county zoning ordinance went into effect on 1 March 1983, petitioners at that time had cleared approximately five acres of their ten-acre tract, were operating a garage, and had several salvage vehicles in place, petitioners were entitled to complete their salvage yard on the five acres by adding additional vehicles, since the addition of salvage vehicles in excess of the number in place on 1 March 1983 was not an enlargement or extension of a nonconforming use but rather a mere completion of a project which was partially finished when the zoning regulations became effective; however, the other five acres in petitioners' tract which were not cleared and partially in use as of 1 March 1983 could not be utilized by petitioners in their business as that would be a nonconforming use in violation of the county's zoning ordinance.

APPEAL by petitioners and respondent from *John, Judge.* Order entered 30 October 1987 in Superior Court, STOKES County. Heard in the Court of Appeals 13 September 1988.

The record before us discloses the following: In 1979, petitioners bought a ten-acre tract of land located in Stokes County. At that time, petitioners inquired of county officials as to the zoning laws, and they were told there were none in Stokes County. In 1980, petitioners began clearing part of the tract for a garage and salvage business. In 1982, petitioners began construction of a metal building to be used for automobile repair. Petitioners started using the building at the end of 1982. On 16 August 1982, the Stokes County Board of Commissioners adopted an ordinance providing for the zoning of Stokes County to become effective on

1 March 1983. This ordinance placed petitioners' property in a district which was zoned as residential and agricultural and did not allow for the operation of a garage and salvage business. As of 1 March 1983, petitioners' garage was in operation, and several cars which were to be used for spare parts were already in place.

After the zoning ordinance was adopted, petitioners continued with the operation of their business. On 28 August 1985, the Zoning Administrator of Stokes County, C. T. Lasley, sent petitioners the following letter:

August 28, 1985

Mr. Donald Pack
4206 Garden Street
Winston-Salem, North Carolina

Dear Mr. Pack:

At the August 5, 1985 meeting of the Stokes County Board of Commissioners your request to rezone five (5) acres from R-A (Residential Agricultural) to M-2 (Heavy Manufacturing) was denied.

Therefore, the salvage yard that you have begun on your property is in violation of the Stokes County Zoning Ordinance. This violation must be corrected with, thirty (30) days from the date of this letter or further legal steps will be taken to correct this situation.

If I can be of further assistance to you, please do not hesitate to contact my office.

Sincerely,
s/C. T. Lasley
C. T. Lasley
Zoning Administrator

CTL/kdw

On 6 December 1985, C. T. Lasley obtained a criminal summons against petitioner, Donald Pack, for the violation of the Stokes County Ordinance and G.S. 14-4. This case came before District Court Judge Jerry Cash Martin on 9 January 1986, and petitioner was found "not guilty not solely because the State of North Carolina failed to prove that the alleged violation was

willful but the finding of Not Guilty was based on other factors, including but not limited to the Stokes County Zoning Ordinance provision concerning the 'Grandfather Clause.'"

On 18 July 1986, petitioner Donald Pack filed an application with the Stokes County Zoning Board of Adjustment appealing the Zoning Administrator's decision of 28 August 1985. After a hearing on the matter, the Board of Adjustment entered an order on 31 July 1986 which provided in pertinent part:

6. *Decision of Zoning Enforcement Officer is:*
    ( ) AFFIRMED
    ( ) REVERSED
    (X) MODIFIED AS FOLLOWS: (1) No more than twelve vehicles or parts thereof shall be stored on the property as a non-conforming use (section 70.1, Stokes County Zoning Ordinance), and these vehicles and/or parts thereof must be contained in an area of no more than 2,400 square feet as defined by the perimeter of all vehicles or parts thereof. (2) This area shall be located in the open field south of garage as signified by letter D on Zoning Enforcement Officer Exhibit III (Blue Print Map) no closer than fifty (50) feet from the garage.

Both parties petitioned the superior court for a writ of certiorari. These petitions were both allowed. On 30 October 1987, an order was entered by Superior Court Judge Joseph R. John affirming the decision of the Stokes County Zoning Board of Adjustment. Petitioners appealed, and respondent Stokes County cross-appealed.

*Stover, Dellinger & Cromer, by James L. Dellinger, Jr., and Anderson D. Cromer, for petitioners.*

*Womble, Carlyle, Sandridge & Rice, by Roddey M. Ligon, Jr., for respondent.*

HEDRICK, Chief Judge.

Article VII of the Zoning Ordinance of Stokes County states in pertinent part:

*General Provisions*

Any use of a building or land which does not conform to the use regulations, either at the effective date of this ordinance, or as a result of subsequent amendments is a non-conforming use. Non-conforming uses may be continued, provided they conform to the provisions of Article VII, Section 70.

*Section 70. Continuing the Use of Non-Conforming Land*

70.1 *Extensions of Use.* Non-Conforming uses of land shall not hereafter be enlarged or extended in any way.

In the case of *In Re Tadlock*, 261 N.C. 120, 134 S.E. 2d 177 (1964), the appellants purchased a ten-acre tract of land in 1957 and immediately began construction of a trailer park. They planned to complete the development in three stages, with each stage to encompass 25 units. At the time that the Charlotte City Council passed a zoning ordinance making the applicants' trailer park a non-conforming use, actual construction was confined to Area 1 of the development. There were 14 units in place, and steps had been taken toward the installation of 11 more sites. Areas 2 and 3 had not been constructed, and these areas were still in the planning stage of development. The Board of Adjustment for the Charlotte Zoning Area ruled that appellants could not "extend a non-conforming use of land" by placing 11 additional units in Area 1 and developing Areas 2 and 3. The superior court affirmed the Board's action. Both the Board and the court based their decision on a zoning ordinance which provided: "A non-conforming open use of land shall not be enlarged to cover more land than was occupied by that use when it became non-conforming." Our Supreme Court held that under the evidence and the applicable rules of law, the appellants were entitled to complete the installation of the 11 additional units in Area 1. "(T)he criterion is whether the nature of the incipient non-conforming use, in the light of its character and adaptability to the use of the entire parcel, manifestly implies an appropriation of the entirety to such use prior to the adoption of the restrictive ordinance." *Id.* at 124, 134 S.E. 2d at 180, *citing* C.J.S., Vol. 101, "Zoning," Sec. 192, p. 954. The Court further held that "by planning the development in three stages and confining actual construction to Area 1 only, the applicants as to Areas 2 and 3 fall

within the rule that planning a development alone is insufficient to enlarge a non-conforming use." *Id.* at 125, 134 S.E. 2d at 181.

In the present case, the record discloses that at the time that the zoning ordinance went into effect on 1 March 1983, petitioners had cleared approximately five acres of their tract. They were also operating a garage and had several salvage vehicles in place. Since 1 March 1983, petitioners have continued to bring vehicles to their property in order to operate the salvage yard. We hold that under the evidence petitioners were certainly entitled to complete their salvage yard on the five acres by adding the additional vehicles. The addition of salvage vehicles in excess of the number in place on 1 March 1983 was not an enlargement or extension of a non-conforming use of land as is prohibited by Section 70 of the Zoning Ordinance of Stokes County, but rather it was the mere completion of a project which was partially finished when the zoning regulations became effective.

We further hold that the other five acres in petitioners' ten-acre tract that were not cleared and partially in use as of 1 March 1983 may not be utilized by petitioners in their garage and salvage business. This would be a non-conforming use and as such would violate Section 70 of the Zoning Ordinance of Stokes County. Such an enlargement lies within the discretion of the Stokes County Board of Adjustment.

On cross-appeal, respondent Stokes County contends the "Trial Court erred in denying Stokes County's Motion to Dismiss the appeal of Mr. and Mrs. Pack to the Zoning Board of Adjustment since the appeal was not timely filed." In its brief, respondent has failed to set out the exception on which its argument is based, thereby subjecting their appeal to dismissal. Rule 28(b)(5) of the North Carolina Rules of Appellate Procedure, in pertinent part, states:

Immediately following each question shall be a reference to the assignments of error and exceptions pertinent to the question, identified by their numbers and by the pages at which they appear in the printed record on appeal, or the transcript of proceedings if one is filed pursuant to Rule 9(c)(2). Exceptions not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned.

Respondent's exceptions to the trial court's ruling are deemed abandoned.

Reversed.

Judges ARNOLD and COZORT concur.