STATE OF NORTH CAROLINA v. KIMBERLY KAY DREWYORE

No. 886SC1033

(Filed 5 September 1989)

1. **Evidence § 40— nonexpert opinion testimony—admissibility**

    Opinions and inferences stated by a customs agent were rationally based on his perceptions and helpful to an understanding of his testimony about the investigation resulting in defendant's arrest so that they were admissible under N.C.G.S. § 8C-1, Rule 701.

2. **Narcotics § 3.1— trafficking in marijuana—relevancy of evidence**

    In a prosecution for trafficking in marijuana by possession and by transportation, evidence of defendant's driving activities was relevant to show that defendant was arrested while she was on a trip which followed the same general route as trips which she had previously taken; evidence about the accessibility of a beach cottage to an inlet was relevant to partially explain why surveillance of the cottage was instituted; evidence about a boat outside the cottage was relevant to show why customs agents thought the cottage may have been involved in drug smuggling; and evidence that the same type of boat was present several months earlier in a campground in which defendant was then living was relevant to show that the boat had some connection to the person who paid the cottage's electric bill.

3. **Searches and Seizures § 12— lawfulness of investigatory stop and search**

    Officers had a reasonable and articulable suspicion that a crime was being committed so that an investigatory stop of the rental truck defendant was driving was justified and a search of the vehicle was lawful where officers were conducting an investigation of suspected drug smuggling activities at a beach cottage for which defendant paid the utilities; a boat which officers believed to be of a type used in drug smuggling was parked outside the cottage; three days before the investigatory stop, officers observed defendant driving a circuitous route and using countersurveillance techniques often employed by drug traffickers; and on the day of the investigatory

STATE v. DREWYORE

[95 N.C. App. 283 (1989)]

stop a car driven earlier by defendant and the rental truck were seen traveling in tandem and employing counter-surveillance techniques.

4. **Bills of Discovery § 6— discovery request—admission of photographs not disclosed**

The trial court did not abuse its discretion in permitting the State to introduce photographs not disclosed pursuant to defendant's pretrial discovery motion where the photographs were made available to defendant before they were introduced into evidence; defendant did not request that the court allow her additional time to examine the photographs after she obtained access to them; and defendant did not allege that the prosecutor acted in bad faith. N.C.G.S. §§ 15A-903(d), 15A-910(3).

5. **Criminal Law § 102.5— characterization of substance as marijuana—error cured by instructions**

Any error in the district attorney's characterization of the substance found in defendant's vehicle as "marijuana" before testimony was given about any chemical analysis of the substance was cured when the trial court instructed the district attorney to stop using this characterization and instructed the jury that "it is for you to determine whether the green vegetable was marijuana."

6. **Indictment and Warrant § 14— denial of motion to quash indictment**

The trial court properly denied defendant's motion to quash the indictment where the indictment clearly charged defendant with a crime and was not defective.

7. **Narcotics § 4— odor of marijuana—knowing possession**

The State's evidence was sufficient to prove that defendant knowingly possessed marijuana where it tended to show that the rental truck containing marijuana which defendant was driving when she was arrested emitted a strong odor of marijuana.

APPEAL by defendant from *Lewis, John B., Jr., Judge.* Judgment entered 18 March 1988 in Superior Court, HALIFAX County. Heard in the Court of Appeals 9 May 1989.

.

STATE v. DREWYORE

[95 N.C. App. 283 (1989)]

Defendant appeals from convictions of trafficking in marijuana, by possession of over 100 pounds but less than 2,000 pounds, and trafficking in marijuana by transportation. For these convictions she received an active term of seven years each.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Lorinzo L. Joyner, for the State.*

*Cranford, Whitaker & Dickens, by William F. Dickens, Jr., for defendant-appellant.*

JOHNSON, Judge.

Defendant's arrest was precipitated by a United States Customs Service investigation of a suspected drug smuggling operation involving activities at an ocean-front cottage on 400 South Atlantic Street in Virginia Beach, Virginia. Checks by the customs agents revealed that although neither the property nor the vehicles parked on the premises were registered or owned by the defendant, she had been paying the electric bill from December 1986 until the time of her arrest, nine months later.

The agents maintaining ground surveillance of the beach cottage on 22 September 1987 followed a Suburban truck, which had been parked at the residence and the Oldsmobile which had been parked there also, from the cottage to a gas station and then from Virginia Beach to Suffolk, Virginia, and then on to Sunbury, North Carolina. Both vehicles pulled into a restaurant parking lot. The Suburban then left the lot, traveled about one-half mile, stopped on the shoulder of the highway, and then turned around and headed back in the same direction from where it had come. About ten minutes later, the Oldsmobile, being driven by a person later identified as the defendant, followed the same route. After having traveled nearly 130 miles, both vehicles then returned to the beach cottage.

On the morning of 26 September 1987, a person matching defendant's description was observed driving a two-tone Ford van which had been rented in defendant's name on the previous day. Her activities were monitored both by ground and air surveillance from that morning until 7:30 that evening. The agents observed the van being driven into and out of shopping center parking lots, either not stopping at all or stopping for a few minutes and then continuing with no one exiting the vehicle at the stops. The ve-

hicle eventually was observed following the same route to Sunbury, North Carolina and then back to Virginia Beach, with no apparent destination, as that observed on 22 September.

On 29 September 1987, defendant rented a U-Haul truck in her own name. Later that evening, the agents spotted the truck traveling in tandem with the Oldsmobile which had been parked at the cottage and seen driven by the defendant on at least one occasion. Both vehicles were stopped by customs agents, who detected an overwhelming odor of marijuana as they approached the truck. Defendant and her codefendant Robert Drewyore were then arrested. The agents obtained search warrants for both vehicles. The search of the truck revealed approximately 580 pounds of whole marijuana plants on the stalks. In the trunk of the Oldsmobile, agents found approximately 60 pounds of marijuana and a briefcase containing personal items bearing defendant's name, and in excess of $52,000.00 in cash, and jewelry. Both the cash and jewelry were forfeited to the State.

The indictments against the two defendants were consolidated for trial, and the jury returned verdicts of guilty on all three counts against both. Neither defendant presented evidence at trial. Verdict and judgment imposed on the count of possession of marijuana with intent to sell and deliver was arrested. The two appeals were taken separately and this appeal concerns defendant Kimberly Kay Drewyore only.

We note at the outset that defendant has failed to comply with the mandatory N.C. Rules of Appellate Procedure. Rule 28(b)(5) of the N.C. Rules of Appellate Procedure provides in part the following concerning the contents of appellant's brief:

> Each question shall be separately stated. *Immediately follow-ing each question shall be a reference to the assignments of error pertinent to the question, identified by their numbers and by the pages at which they appear in the printed record on appeal. Assignments of error not set out in the appellant's brief,* or in support of which no reason or argument is stated or authority cited, *will be taken as abandoned.* (Emphasis added.)

See *Stokes County v. Pack*, 91 N.C. App. 616, 372 S.E.2d 726 (1988), and *Whitehurst v. Crisp R. V. Center*, 86 N.C. App. 521, 358 S.E.2d 542 (1987), for application of Rule 28(b)(5).

STATE v. DREWYORE

[95 N.C. App. 283 (1989)]

Our review of defendant's brief reveals no references to the assignments of error pertinent to the questions presented, and no page references. We have, however, decided to consider defendant's assignments of error in our discretion.

[1] Defendant's first contention on appeal is that the trial court erred in overruling defendant's objections to some of the testimony of Customs Service Agent Wayne Whitton because this testimony consisted of Agent Whitton's statements of his opinions. We disagree. Defendant specifically contends that she was prejudiced by the following statements made by Agent Whitton: a boat which was parked in front of the beach cottage was a type of boat which is often used in drug smuggling; the presence of this boat indicated that a smuggling operation may have been taking place; the repeated travel by the Oldsmobile over the same roads indicated that it was involved in a smuggling operation; the use of a van by the suspects followed by the suspects' use of a U-Haul truck a few days later "was an indicator of suspicious activity"; U-Haul trucks can carry large loads of marijuana; and Agent Whitton could identify the smell of marijuana coming from the truck because he had many years of experience smelling marijuana. A non-expert witness is permitted to testify about opinions he has formed and inferences he has made if these opinions and inferences are "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue." G.S. sec. 8C-1, Rule 701. We find that the opinions and inferences stated by Agent Whitton were rationally based on his perceptions, and we also find that these statements were helpful to a clear understanding of Agent Whitton's testimony about the circumstances which were related to the investigation which resulted in defendant's arrest, so we therefore find that the trial court did not err in overruling defendant's objection to these statements.

[2] Defendant's second contention on appeal is that the trial court erred in overruling defendant's objection to the State's evidence which tended to show defendant's driving activities around the Virginia Beach area, the type of boat which was present several months earlier in a campground in which defendant was living and which was later present outside the beach cottage, and the accessibility of the beach cottage to a nearby inlet. Defendant contends that this evidence did not tend to prove any fact which had to be proved in order for defendant to be convicted, and defendant claims that this evidence was therefore inadmissible. We dis-

agree. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." G.S. sec. 8C-1, Rule 401. We believe that the evidence in question is relevant according to this standard. Testimony which tended to show that defendant drove around Virginia Beach on 26 September 1987 also tended to show that defendant drove to Sunbury, North Carolina later that day. Defendant also made two other trips to Sunbury, including the trip during which defendant was arrested, so the evidence of defendant's driving activities tended to show that defendant was arrested while she was on a trip which followed the same general route as trips which she had previously taken. The evidence about the accessibility of the beach cottage to the inlet partially explained why surveillance of the beach cottage was instituted. The evidence about the boat outside of the beach cottage also tended to show why agents thought that the cottage may have been involved in illegal activities, and the evidence about the boat being at the campground showed that the boat did indeed have some connection to the person who paid the cottage's electric bill. We therefore find that the trial court did not err in overruling defendant's objection to the State's evidence in question.

[3] Defendant's third contention on appeal is that the trial court erred in denying defendant's motion to suppress evidence obtained from the search of the vehicle defendant was driving when she was arrested and in overruling defendant's objections to the admission of this evidence. Defendant's primary argument in support of this contention appears to be that this evidence was obtained as a result of an illegal seizure which violated defendant's Fourth Amendment rights. Defendant claims that this search was illegal because it was not based on any reasonable and articulable suspicion on the part of the agents conducting the search that a crime had been committed. We disagree. The United States Supreme Court has stated that the Fourth Amendment allows an investigatory stop of a vehicle if this stop is "justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." *United States v. Cortez*, 449 U.S. 411, 417, 101 S.Ct. 690, 695, 66 L.Ed.2d 621, 628 (1981). This standard is in accord with our Court's statement that the Fourth Amendment permits a law enforcement officer to make an investigatory stop of a vehicle "if the officer has a reasonable suspicion, that can be articulated,

that a crime is being committed." *State v. Trapper*, 48 N.C. App. 481, 486, 269 S.E.2d 680, 683 (1979).

We believe that the trial court's findings of fact, which are not objected to by defendant, indicate that the investigating officers had ample justification for having a reasonable and articulable suspicion that a crime was being committed when they stopped defendant's vehicle. The trial court found that defendant paid the utilities for a beach cottage, and that a boat which agents believed to be of a type used in drug smuggling was parked outside of the cottage. The trial court also found that three days before the investigatory stop in question defendant had driven "along a circuitous route interspersed with U-turns and stops," and that investigating officers believed that this type of driving pattern was a "counter-surveillance" technique employed by drug traffickers. The trial court also found that on the day of defendant's arrest she was seen driving an Oldsmobile, and later on that day this Oldsmobile and the vehicle in question were seen traveling in tandem and employing "countersurveillance" techniques. We therefore find that the search of the vehicle driven by defendant did not take place as a result of an illegal seizure.

[4] Defendant's fourth contention on appeal is that the trial court erred in denying defendant's motion to strike and overruling defendant's objections to the admission of evidence which consisted of photographs of the area in which defendant had been seen driving. Defendant argues that since the State did not make these photographs available to defendant before trial, even though defendant filed a pre-trial motion for discovery requesting a listing and description of any photographs within the State's possession which pertained to defendant's alleged crime, the trial court erred in admitting these photographs as evidence. We disagree. Defendant correctly notes that

> [u]pon motion of the defendant, the court must order the prosecutor to permit the defendant to inspect and copy or photograph books, papers, documents, photographs . . . which are within the possession, custody or control of the State and which are material to the preparation of his defense, are intended for use by the State as evidence at the trial, or were obtained from or belong to the defendant.

G.S. sec. 15A-903(d). The phrasing of defendant's motion for discovery did not strictly comply with G.S. sec. 15A-903(d), since defendant

sought a listing and description of the photographs rather than permission to inspect and copy them, but the State seemed to interpret this motion as one which requested permission to copy and inspect photographs and we will treat this motion as being in compliance with G.S. sec. 15A-903(d) for the purposes of this appeal.

If a party fails to comply with a discovery order, a trial court may, in addition to exercising its contempt powers, carry out any one of five available disciplinary sanctions. G.S. sec. 15A-910. One of these sanctions allows the trial court to "[p]rohibit the party from introducing evidence not disclosed." G.S. sec. 15A-910(3). "[T]he trial court is not required to impose any sanctions for abuse of discovery orders," however, and "what sanctions to impose, if any, is within the trial court's discretion [citation omitted], including whether to admit or exclude evidence not disclosed in accordance with a discovery order." *State v. Weeks*, 322 N.C. 152, 171, 367 S.E.2d 895, 906 (1988). A trial court's decision about whether or not to impose such a sanction will not be reversed unless the trial court's decision was an abuse of discretion. *State v. Alston*, 307 N.C. 321, 331, 298 S.E.2d 631, 639 (1983). In the case *sub judice*, the photographs in question were made available to defendant before they were introduced into evidence, defendant did not request that the court allow her additional time to examine these photographs after she had obtained access to them, and defendant has not alleged that the prosecuting attorney acted in bad faith. We find that the trial court did not abuse its discretion by admitting these photographs into evidence, and we therefore find that the trial court did not err in denying defendant's motion to strike and overruling defendant's objections to the admission of this evidence.

[5] Defendant's fifth contention on appeal is that the trial court erred in overruling defendant's objections to the District Attorney's statements regarding a search warrant and the presence of marijuana in defendant's vehicle. Defendant's first claim in support of this contention is that she was prejudiced because the District Attorney made a statement about the content of a search warrant before this search warrant had been mentioned in any witness's testimony. A review of the record reveals that Agent Whitton testified about the search warrant before the District Attorney made the statement in question, so defendant's first claim in support of this contention is incorrect. Defendant's second claim in support of this contention is that she was prejudiced by the fact that the District Attorney made reference, before any testimony

was given about any chemical analysis of the substance in question, to "marijuana" found in the vehicle defendant was driving when she was arrested. A trial court can sometimes prevent an improper question by a prosecutor from being prejudicial error by sustaining a defendant's objection to the question and issuing appropriate curative instructions. See State v. Hosey, 79 N.C. App. 196, 201, 339 S.E.2d 414, 417 (1986). In the case sub judice, after defendant objected to the District Attorney's characterization of the substance in question as marijuana, the trial court instructed the District Attorney to stop using this characterization and the trial court instructed the jury that "it is for you to determine whether the green vegetable was marijuana." We find that this curative instruction prevented the District Attorney's questions from constituting prejudicial error, and we therefore find defendant's contention about the District Attorney's statements to be without merit.

Defendant does not advance any arguments in support of her sixth, seventh, and eighth contentions on appeal. We therefore find that the assignments of error on which these contentions are based are abandoned.

[6] Defendant's final contention on appeal is that the trial court erred in denying defendant's motions to quash the indictment, set aside the verdict, and arrest judgments. Defendant argues that the trial court should have allowed these motions because the State did not meet its burden of proving that defendant was guilty of the crimes with which she was charged. We disagree. "A motion to quash an indictment lies where a defect appears on the face of the indictment and will be granted when it appears from an inspection of the indictment that no crime is charged or that the indictment is otherwise so defective that it will not support a judgment." State v. Williams, 304 N.C. 394, 408, 284 S.E.2d 437, 447 (1981) (citation omitted). The indictment of defendant clearly charges defendant with a crime and the indictment is not defective, so the trial court properly denied defendant's motion to quash the indictment.

[7] A motion in arrest of judgment is granted when "no judgment against the defendant could be lawfully entered because of some fatal error appearing in (1) the organization of the court, (2) the charge made against the defendant (the information, warrant or indictment), (3) the arraignment and plea, (4) the verdict, and (5)

the judgment." *State v. Perry*, 291 N.C. 586, 589, 231 S.E.2d 262, 265 (1977) (citations omitted). Defendant appears to argue that there was a fatal error in the verdict because the State did not prove defendant's guilt. Defendant notes that the State had to prove that defendant knowingly possessed marijuana in order for defendant to be convicted of possessing marijuana, and defendant argues that the State did not introduce evidence at trial which was sufficient to prove that defendant knowingly possessed marijuana. The State's evidence tended to show that defendant was arrested while driving a truck, which emitted an odor of marijuana, so we find that the State's evidence was sufficient to support a finding that defendant knowingly possessed marijuana. We therefore find no fatal error in the verdict, and we find that the trial court properly denied defendant's motion in arrest of judgment.

"A motion to set aside a verdict as being contrary to the greater weight of the evidence is addressed to the discretion of the trial judge and is not reviewable on appeal in absence of abuse of that discretion." *State v. Acklin*, 71 N.C. App. 261, 265, 321 S.E.2d 532, 534 (1984) (citations omitted). Our review of the record indicates that the trial court did not abuse its discretion in denying defendant's motion to set aside the verdict as being contrary to the greater weight of the evidence, and we therefore find that the trial court did not err in denying this motion.

No error.

Judges COZORT and GREENE concur.