STATE OF NORTH CAROLINA v. AARON HOWARD YELTON, DEFENDANT

No. COA04-1544

(Filed 3 January 2006)

**1. Evidence— lay opinion—identification of substance as methamphetamine**

The trial court did not abuse its discretion in a second-degree murder, possession with intent to sell and deliver methamphetamine, and sale and delivery of methamphetamine case by allowing lay witness testimony that the substance given by defendant to an individual who died was methamphetamine, because: (1) the testimony was admissible under N.C.G.S. § 8C-1, Rule 701 since it was rationally based on the witness's six years of experience with methamphetamine and her perceptions while smoking the substance; (2) the witness's uncertainty as to the precise weight and cost of an "eightball" was irrelevant; and (3) the witness's testimony was helpful for a clear understanding of her testimony or to the determination of a fact in issue.

**2. Confessions and Incriminating Statements— motion to suppress—Miranda rights—waiver**

The trial court did not err in second-degree murder, possession with intent to sell and deliver methamphetamine, and sale and delivery of methamphetamine case by denying defendant's motion to suppress statements he made during an interrogation by two detectives, because: (1) the trial court's findings of fact are binding on appeal since defendant did not specifically assign

error to any of the trial court's findings, and the trial court found that before any interview or discussion with defendant occurred the defendant was advised of his Miranda rights; and (2) the findings established a valid waiver under Miranda prior to defendant's making the disputed statements.

3. **Evidence— defendant's statements—exculpatory—integral and natural part of development of facts—chain of circumstances**

The trial court did not err in a second-degree murder, possession with intent to sell and deliver methamphetamine, and sale and delivery of methamphetamine case by admitting into evidence five statements elicited from defendant during a police interrogation even though defendant contends they violated N.C.G.S. § 8C-1, Rule 404(b), because: (1) two of the statements could only have exculpated defendant since they suggest defendant did not sell methamphetamine to the deceased on 6 March 2002, and defendant does not show how these statements could have been prejudicial; (2) while a third statement was not necessarily exculpatory, it did not refer to prior crimes, wrongs, or acts, and thus, fell outside the scope of Rule 404(b); and (3) regarding the fourth and fifth statements, defendant's statements that he had turned the deceased on to some meth two to three weeks prior to his death and that he would give drugs to the deceased when he worked for defendant were an integral and natural part of the development of the facts and were necessary to complete the story of defendant's crimes for the jury.

4. **Drugs— possession of controlled substance with intent to sell or deliver—sale and/or delivery of controlled substance—motion to dismiss—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss at the close of all evidence the charges of possession of a controlled substance with intent to sell or deliver, and the sale and/or delivery of a controlled substance, because: (1) as a witness's identification of the substance as methamphetamine was determined by the Court of Appeals to be admissible under N.C.G.S. § 8C-1, Rule 701, the evidence was sufficient to meet the State's burden of proof regarding this element; (2) while the State presented no evidence that defendant sold the deceased methamphetamine for money, the State presented substantial evidence that defendant provided the deceased with methamphetamine in exchange for other consideration on that date; and (3) while

some of the other statements defendant gave detectives were exculpatory and defendant has challenged the credibility of a witness's testimony, the trial court was required to view the evidence in the light most favorable to the State when ruling on defendant's motion to dismiss.

**5. Homicide— second-degree murder—motion to dismiss— sufficiency of evidence**

Although defendant contends the trial court erred by denying defendant's motion to dismiss at the close of all evidence the second-degree murder charge, this assignment of error is dismissed because defendant's conviction for involuntary manslaughter renders harmless any error in not dismissing the charge of second-degree murder.

Appeal by defendant from judgments entered 11 May 2004 by Judge James U. Downs in Rutherford County Superior Court. Heard in the Court of Appeals 20 September 2005.

*Attorney General Roy Cooper, by Assistant Attorney General Jay L. Osborne, for the State.*

*Deaton, Biggers & Gulden, P.L.L.C., by W. Robinson Deaton, Jr. and Brian D. Gulden, for defendant-appellant.*

GEER, Judge.

Defendant Aaron Howard Yelton appeals from convictions for involuntary manslaughter, possession with intent to sell and deliver methamphetamine, and sale and delivery of methamphetamine. These charges arose out of the death of Jason Hodge as a result of ingesting methamphetamine that, the State contended and the jury found, defendant provided to Hodge. On appeal, defendant argues primarily that the trial court erred by allowing lay witness testimony that the substance given to Hodge was methamphetamine and that the trial court violated Rule 404(b) of the Rules of Evidence by admitting evidence of defendant's statements regarding his prior interactions with Hodge. We conclude that the lay witness' testimony was rationally based on the witness' six years of experience with methamphetamine and her perceptions while smoking the substance and was, therefore, admissible under Rule 701 of the Rules of Evidence. We further conclude that the testimony regarding defendant's prior dealings with Hodge was not offered for a reason prohibited by North Carolina Rule of Evidence 404(b) and, accordingly, was admissible.

Because defendant's remaining arguments regarding the trial are also without merit, we hold that defendant received a trial free of prejudicial error.

## Facts

The State's evidence tended to show the following facts. On 6 March 2002, Jason Hodge, who had been drinking heavily, arrived at defendant's home with Ernie Sims and Jesse Hill. Already present at defendant's house were Amy Alley and several other individuals not relevant to this appeal. Defendant and Hodge went outside. From about five feet away, Alley witnessed defendant hand Hodge an "eightball" of methamphetamine that Hodge then hid in his sock.

Subsequently, Hodge, Sims, Hill, and Alley all left in Hill's vehicle and drove to Sims' trailer. After arriving, Hodge thought he had lost his methamphetamine and became angry. Alley reminded Hodge that he had put it in his sock. Hodge removed the methamphetamine from his sock, and Hodge, Alley, and the others smoked it. Hodge then became increasingly erratic: he yelled, tore off his clothes, struck himself in the head with computer components, and began physically fighting with Sims.

Hodge was eventually forcibly thrown out of the trailer. He pounded on the exterior door; when Sims opened the door, Hodge hit Sims and dragged him into the yard. The others attempted to break up the fight, but no one was able to control Hodge. Hodge was hit repeatedly with a log, a stick, and fists in an effort to subdue him. Even though Hodge continued to fight and resist, two of the men were eventually able to bind Hodge's wrists and ankles with duct tape. Hodge was then left face-down outside, where he subsequently died. At trial, the forensic pathologist who performed the autopsy on Hodge testified that ingestion of methamphetamine was a proximate cause of his death.

Defendant was indicted for (1) second degree murder, (2) possession with intent to sell and deliver methamphetamine, and (3) sale and/or delivery of methamphetamine. He was convicted of involuntary manslaughter and of both drug charges. The trial court imposed a sentence of 19 to 23 months for the involuntary manslaughter conviction and a consecutive sentence of 15 to 18 months for the drug convictions. Defendant timely appealed to this Court.

I

[1] Defendant first assigns error to the trial court's admission of Alley's testimony regarding the nature of the substance exchanged between defendant and Hodge. Defendant contends that Alley's identification of the substance as methamphetamine constituted impermissible lay opinion testimony.

Rule 701 of the North Carolina Rules of Evidence permits lay opinion testimony so long as it is rationally based on the perception of the witness and helpful to a clear understanding of the witness' testimony or the determination of a fact in issue. N.C. Gen. Stat. § 8C-1, N.C.R. Evid. 701 (2003). We review the trial court's decision to allow the testimony for abuse of discretion. *State v. Washington*, 141 N.C. App. 354, 362, 540 S.E.2d 388, 395 (2000), *disc. review denied*, 353 N.C. 396, 547 S.E.2d 427 (2001). Accordingly, we may reverse only upon a showing that the trial court's admission of Alley's testimony was so arbitrary that it could not have been the result of a reasoned decision. *Id.*

Alley testified that when she "walked outside [she] seen [defendant] hand [Hodge] an eightball, and [Hodge] put it in his sock." She further testified that she later smoked the substance, which she saw Hodge take directly from his sock, and that it was methamphetamine.

Defendant argues that Alley lacked the requisite personal knowledge to give her opinion regarding what was exchanged between defendant and Hodge because Alley's understanding of what an "eightball" is originated with other people. Defendant points to the fact that on cross-examination Alley admitted that she did not know how much an "eightball" typically costs or how many grams of methamphetamine are actually in an "eightball" and that she only knew that the item handed to the victim was an "eightball" because "that's what [Sims] and them told [her]." Alley's testimony as a whole, however, indicates no lack of knowledge that the substance was methamphetamine, but only that the particular amount was called an "eightball."

Alley's uncertainty as to the precise weight and cost of an "eightball" is, however, irrelevant. The relevant issues at trial were whether Alley had sufficient personal knowledge of methamphetamine to identify it, whether her conclusion that defendant gave Hodge methamphetamine was rationally based upon her perceptions, and whether her opinion on the issue was helpful either to

the jury's understanding of her testimony or the determination of a fact in issue.

First, the State established that Alley had extensive personal knowledge of methamphetamine. At the time of trial, she had been smoking methamphetamine for six years and was able to describe, in great detail, the method by which one smokes methamphetamine. Second, Alley's identification of the substance that she smoked—and that had been received from defendant—as methamphetamine was based on that personal experience. *See State v. Drewyore*, 95 N.C. App. 283, 287, 382 S.E.2d 825, 827 (1989) (permitting lay testimony of a customs agent who identified a smell coming from a truck as marijuana based on his years of experience smelling marijuana). With respect to the final element, defendant does not dispute that Alley's testimony on this issue was helpful for a clear understanding of her testimony or to the determination of a fact in issue. Accordingly, we hold that the trial court did not abuse its discretion by admitting Alley's testimony identifying the substance given by defendant to Hodge as methamphetamine.

## II

**[2]** Defendant next assigns error to the trial court's denial of his motion to suppress statements he made during an interrogation by detectives Ron and Philip Bailey. Although defendant admits that at some point during the interrogation, he waived his right to remain silent under *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966), he asserts that the disputed statements were elicited prior to that waiver and should, therefore, have been suppressed.

Since defendant has not specifically assigned error to any of the trial court's findings of fact on this issue, those findings are binding on appeal and our review "is limited to whether the trial court's findings of fact support its conclusions of law." *State v. Cheek*, 351 N.C. 48, 63, 520 S.E.2d 545, 554 (1999), *cert. denied*, 530 U.S. 1245, 147 L. Ed. 2d 965, 120 S. Ct. 2694 (2000). In any event, we note that even if defendant had properly assigned error to the pertinent findings of fact, those findings would still be binding on appeal as they are supported by the detectives' testimony. *State v. Barden*, 356 N.C. 316, 340, 572 S.E.2d 108, 125 (2002), *cert. denied*, 538 U.S. 1040, 155 L. Ed. 2d 1074, 123 S. Ct. 2087 (2003).

The trial court found that "before any interview or discussion with the defendant occurred the defendant was advised of his *Miranda* rights." The court thereafter concluded that "no statement

was given [by] 11:50 [a.m.]. Then the defendant waived his rights at 11:54, after which questions were asked and statements were given." These factual findings are binding on appeal and establish a valid waiver under *Miranda* prior to defendant's making the disputed statements. The trial court, therefore, did not err in denying defendant's motion to suppress.

### III

**[3]** Defendant also assigns error to the trial court's admission into evidence of five statements elicited from defendant during the same police interrogation on the grounds that they were inadmissible under Rule 404(b) of the Rules of Evidence. It is well-established that Rule 404(b) is a "rule of *inclusion* of relevant evidence of other crimes, wrongs or acts by a defendant, subject to but *one exception* requiring [their] exclusion if [their] *only* probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged." *State v. Coffey*, 326 N.C. 268, 278-79, 389 S.E.2d 48, 54 (1990). Thus, " 'evidence of other offenses is admissible so long as it is relevant to any fact or issue other than the character of the accused.' " *Id.* at 278, 389 S.E.2d at 54 (emphases omitted) (quoting *State v. Weaver*, 318 N.C. 400, 403, 348 S.E.2d 791, 793 (1986)).

The statements challenged by defendant include the following: (1) defendant's claim that he "never sold [Hodge] drugs"; (2) defendant's asking the detectives if they would "sell [Hodge] drugs with two people [they] didn't know"; (3) defendant's statement that he would have "turned [Hodge] onto some meth if the other two guys were not there"; (4) defendant's claim he had "turned [Hodge] onto some meth" two to three weeks prior to his death; and (5) defendant's admission that he would "give [Hodge] drugs when [Hodge] worked for [defendant]."

As a preliminary matter, we note the first two statements could only have exculpated defendant since they suggest defendant did *not* sell methamphetamine to Hodge on 6 March 2002. Defendant does not suggest, nor can we divine, how these statements could have been prejudicial. *State v. Morgan*, 359 N.C. 131, 159, 604 S.E.2d 886, 903 (2004) (concluding that, even if the defendant established certain evidence was improperly admitted, the Court would not reverse because the defendant had not demonstrated prejudice), *cert. denied*, —— U.S. ——, 163 L. Ed. 2d 79, 126 S. Ct. 47 (2005). Additionally, while the third statement is not necessarily exculpatory, it does not refer to prior crimes, wrongs, or acts and, therefore, falls outside of the scope of

Rule 404(b). *State v. Thibodeaux*, 341 N.C. 53, 63, 459 S.E.2d 501, 508 (1995) (holding that trial court did not err in admitting testimony that defendant had indicated he might solve his financial difficulties by robbing a bank when "[t]he testimony at issue did not relate to any prior crime, wrong or act of the defendant").

Regarding the fourth and fifth statements, our Supreme Court has held that "[e]vidence of other crimes committed by a defendant may be admissible under Rule 404(b) if it establishes the chain of circumstances or context of the charged crime. Such evidence is admissible if the evidence of other crimes serves to enhance the natural development of the facts or is necessary to complete the story of the charged crime for the jury." *State v. White*, 340 N.C. 264, 284, 457 S.E.2d 841, 853 (internal citations omitted), *cert. denied*, 516 U.S. 994, 133 L. Ed. 2d 436, 116 S. Ct. 530 (1995). Our Supreme Court has explained further:

> "Evidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime, or [if it] forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury."

*State v. Agee*, 326 N.C. 542, 548, 391 S.E.2d 171, 174 (1990) (quoting *United States v. Williford*, 764 F.2d 1493, 1499 (11th Cir. 1985)).

In this case, defendant's statements that he had "turned [Hodge] on to some meth" two to three weeks prior to his death and that he would "give [Hodge] drugs when [Hodge] worked for [defendant]" were, as *Agee* specified, an integral and natural part of the development of the facts and were necessary to complete the story of defendant's crimes for the jury. The statements were not offered solely to evidence defendant's propensity to commit a crime, but rather established the nature of the victim's relationship with defendant, including the fact that defendant traded Hodge drugs for work. This fact was necessary to meet the State's burden of proof regarding the charge of sale of a controlled substance.

Because the statements helped describe the chain of circumstances leading up to the exchange and provided the context for the charged crime, the trial court did not err in admitting the testimony. *See id.* at 550, 391 S.E.2d at 175-76 ("Because the evidence of defendant's marijuana possession served the purpose of establishing the

chain of circumstances leading up to his arrest for possession of LSD, Rule 404(b) did not require its exclusion as evidence probative *only* of defendant's propensity to possess illegal drugs."); *State v. Holadia*, 149 N.C. App. 248, 255, 561 S.E.2d 514, 519-20 (holding that the trial court did not err under Rule 404(b) in admitting testimony of the victim of an armed robbery regarding defendant's statement referring to defendant's prior drug activity with the victim), *disc. review denied*, 355 N.C. 497, 562 S.E.2d 432 (2002).

## IV

Defendant next assigns error to the trial court's denial of his motion at the close of all the evidence to dismiss the State's charges for insufficient evidence.[1] In addressing a criminal defendant's motion to dismiss for insufficiency of the evidence, the trial court must determine whether there is substantial evidence: (1) of each essential element of the offense charged; and (2) of defendant's being the perpetrator of the offense. *State v. Scott*, 356 N.C. 591, 595, 573 S.E.2d 866, 868 (2002). Substantial evidence is that amount of relevant evidence necessary to persuade a rational juror to accept a conclusion. *Id.* at 597, 573 S.E.2d at 869. The court must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences. *Id.* at 596, 573 S.E.2d at 869. Contradictions and discrepancies do not warrant dismissal, but are for the jury to resolve. *Id.*

A. The Controlled Substance Charges

**[4]** Defendant was charged with possession of a controlled substance with intent to sell or deliver and with the sale and/or delivery of a controlled substance, both in violation of N.C. Gen. Stat. § 90-95 (2003). The first charge has the following elements: (1) possession, (2) of a controlled substance, (3) with the intent to sell or distribute the controlled substance. N.C. Gen. Stat. § 90-95(a)(1); *State v. Carr*, 145 N.C. App. 335, 342, 549 S.E.2d 897, 901 (2001). The second charge, on the other hand, requires that the State show the transfer of a controlled substance by sale, delivery, or both. *Carr*, 145 N.C. App. at 342, 549 S.E.2d at 901. Methamphetamine is a "controlled substance" under the North Carolina Controlled Substances Act. N.C. Gen. Stat. §§ 90-87(5), 90-90(3) (2003).

---

1. Defendant also assigns error to the trial court's denial of his motion to dismiss made at the close of the State's case. By putting on evidence after the State rested its case, however, defendant waived his right to appeal the denial of the initial motion. N.C.R. App. P. 10(b)(3).

On appeal, defendant argues first that the State did not present substantial evidence that the substance defendant delivered to Hodge was methamphetamine. Defendant's argument, however, assumes that Alley's testimony is inadmissible. Since we have held that Alley's identification of the substance as methamphetamine was admissible under Rule 701, that evidence is sufficient to meet the State's burden of proof regarding this element.

Defendant next argues that the State failed to offer substantial evidence of a sale. Defendant acknowledges that this Court has defined a "sale" in the context of illegal drug transactions as an exchange for money *or any other form of consideration. Carr*, 145 N.C. App. at 343, 549 S.E.2d at 902-03. While the State presented no evidence that defendant sold Hodge methamphetamine for money on 6 March 2002, the State presented substantial evidence that defendant provided Hodge with methamphetamine in exchange for other consideration on that date.

Detective Philip Bailey testified that defendant stated in his interview (1) that Hodge worked for defendant in exchange for methamphetamine and (2) that it would be "bad business" to provide Hodge with methamphetamine had Hodge not done work for him. We hold that based on this testimony, a rational juror could have concluded that defendant gave Hodge methamphetamine on 6 March 2002 as payment for work Hodge had previously performed.

While some of the other statements defendant gave detectives were exculpatory and defendant has challenged the credibility of Alley's testimony, the trial court was required to view the evidence in the light most favorable to the State when ruling on defendant's motion to dismiss. *Scott*, 356 N.C. at 596, 573 S.E.2d at 869. We, therefore, reject defendant's argument that the trial court erred by not granting his motion to dismiss the controlled substances charges for insufficiency of the evidence.

B. The Second Degree Murder Charge

[5] We next consider defendant's argument that the trial court erred by not granting his motion to dismiss the charge of second degree murder at the close of all the evidence. Defendant was indicted for second degree murder, but convicted only of involuntary manslaughter. Involuntary manslaughter is a lesser-included offense of second degree murder. *State v. Thomas*, 325 N.C. 583, 591, 386 S.E.2d 555, 559 (1989).

Defendant did not assign error regarding the sufficiency of the evidence to support the verdict of involuntary manslaughter.[2] Instead, defendant argues that the State failed to present substantial evidence that defendant committed second degree murder. We need not address this issue because defendant's conviction for involuntary manslaughter renders harmless any error in not dismissing the charge of second degree murder.

This Court has addressed this issue before. In *State v. Graham*, 35 N.C. App. 700, 701, 242 S.E.2d 512, 512 (1978), the defendant was charged with the second degree murder of his girlfriend after a heated argument ended with her being shot and killed. The jury was instructed on both second degree murder and voluntary manslaughter and convicted the defendant of voluntary manslaughter. *Id.* at 705, 242 S.E.2d at 515. On appeal, the defendant assigned error to the trial court's second degree murder instruction. *Id.* This Court declined to reach the issue, concluding that a "verdict finding defendant guilty of the lesser offense of voluntary manslaughter rendered harmless any errors in the [trial] court's instructions on the greater offense, absent a showing that the verdict was affected thereby." *Id.* Because "[n]othing in th[e] record indicate[d] that the challenged instructions on second degree murder in any way affected the verdict rendered finding defendant guilty of voluntary manslaughter," this Court overruled defendant's alleged error. *Id. See also, e.g., State v. Mangum*, 245 N.C. 323, 330-31, 96 S.E.2d 39, 45 (1957) ("The court's charge on second degree murder was correct, but whether it was or not, is not material on this appeal, because the defendant was convicted of the lesser offense of manslaughter, and there is nothing to show that the verdict of guilty of manslaughter was thereby affected."); *State v. Lassiter*, 160 N.C. App. 443, 460, 586 S.E.2d 488, 500 (verdict of voluntary manslaughter rendered harmless any errors in instructing the jury on first degree murder), *disc. review denied*, 357 N.C. 660, 590 S.E.2d 853 (2003). Because defendant has made no showing that the submission to the jury of the second degree murder charge affected the involuntary manslaughter verdict, we overrule this final assignment of error.

No error.

Judges MARTIN and BRYANT concur.

---

2. Accordingly, we express no opinion on whether the State presented sufficient evidence of this lesser-included offense.